THE MOREWOOD REALTY HOLDING CO. v. THE AMA-
ZON RUBBER CO.

THE AMAZON RUBBER CO. v. THE MOREWOOD REALTY
HOLDING CO.

*Error proceedings—Seventy-day limitation commences, when—
Section 12270, General Code—Filing journal entry with
clerk constitutes "entry of judgment"—Delay by clerk in
recording entry—Not ground for modification of entry
after term—Section 11631, General Code.*

1. The decision of a court having been reduced to a journal
entry and approved by the attorneys for both parties to
the cause, and also by the trial judge, the filing of the
same with the clerk of the court is an "entry of the
judgment" within the meaning of Section 12270, Gen-
eral Code, which provides that error proceedings shall
be commenced "within seventy days after the entry of
the judgment or final order complained of."

2. A motion in such case, filed at a term of court subsequent
to that at which the judgment was rendered, asking the
court to correct its record to show the entry of judgment
to have been made on the date the journal clerk actu-
ally spread the entry upon the journal of the court, rather
than of the date on which it was filed with the clerk,
the entry not having been spread upon the journal until
several days after it was filed, will not lie under favor
of Section 11631, General Code, authorizing the court to
modify its judgment after term "for mistake, neglect or
omission of the clerk," as there was no mistake, neglect
or omission on the part of the clerk in not spreading the
entry on the journal on the date it was filed.

(Decided May 16, 1923.)

ERROR: Court of Appeals for Summit county.

*Messrs. Musser, Kimber & Huffman,* for the
Morewood Realty Holding Co.

*Messrs. Burch, Bacon & Denlinger,* for the Amazon Rubber Co.

Washburn, J.    Case No. 704 is an error proceeding and is now before this court on a motion of the defendant in error, the Realty Company, to dismiss the petition in error, for the reason that the same was not filed within seventy days from the entry of the judgment in common pleas court; and Case No. 783 is also an error proceeding, in which the Realty Company seeks a reversal of an order in the same case, made by the common pleas court subsequent to the filing of Case No. 704 in this court, and at a term of court subsequent to the term at which the judgment in Case No. 704 was entered in the common pleas court. There is a bill of exceptions in each case and a complete transcript of docket and journal entries.

From this record we find that on May 23, 1922, the court of common pleas, having overruled a motion for a new trial, pronounced judgment in favor of the Realty Company and against the Rubber Company; that, on the same day, that judgment was reduced to writing in the form of a journal entry, which was approved by attorneys for both parties and also by the trial judge; that, also on the same day, the journal entry was delivered to the clerk of the common pleas court and by him stamped as filed on that day, and an entry made on the appearance docket as follows: "May 23.    Judgment for plaintiff $2,656.70 with interest at 6% from April 3, 1922, and costs." Below such entry we find a notation that the judgment is recorded in volume 94 of the journal of the court, at page 237.

On August 7, 1922, a petition in error was filed in this court in case No. 704, referred to above, and with that petition in error was filed a transcript of the docket and journal entries of the court of common pleas, showing that the proceedings in the common pleas court were in all respects regular, and that the proceedings above referred to were had in the common pleas court on the dates and at the times above indicated, and by such transcript it affirmatively appears that the judgment of the common pleas court, of which complaint was made in this court, was rendered and duly entered upon the records on the 23d day of May, 1922. The bill of exceptions in case No. 704 was filed in the common pleas court on June 26, 1922, and was allowed and signed by the trial judge on July 13, 1922.

The petition in error being filed more than seventy days after the entry of judgment, a motion was filed in this court on August 22, 1922, to dismiss the petition in error, for the reason that the same was not filed within the time provided by law.

The record further discloses that on September 11, 1922, and at a term subsequent to the term when such judgment was rendered, the Rubber Company filed a motion in the original case in common pleas court, asking that court to correct the record in the case so as to show the entry of the judgment against it to have been made on the 2nd day of June, 1922, which motion, if properly granted, would then make the record show that the petition in error in this court, in case No. 704, was filed within the seventy-day limitation provided for in Section 12270, General Code.

The record discloses that such motion was submitted to a judge of the court of common pleas other than the one who heard the case and rendered the judgment, the record of which it was sought to change, although the trial judge who originally heard the case was one of the regular judges of that court and was still in office and holding court in that county.

The motion to change the record came on for hearing on February 6, 1923, during a term subsequent to that in which such judgment was entered, and on that motion to change the record the judge stated in writing his conclusions of fact and findings of law, and ordered and directed the clerk of the common pleas to change the record in such case "so that it shall appear that the entry of the judgment on the verdict rendered by the trial court herein was June 6, 1922, instead of May 23, 1922." Exceptions were regularly taken to that order, and a bill of exceptions filed and allowed, and within the time provided by law a petition in error was filed in this court, being case No. 783, seeking a reversal of the order.

It should be said that the theory which formed the basis of such change of the record was that while the judge announced his decision on May 23, 1922, and such decision was on the same day reduced to writing in the form of a journal entry and approved by the attorneys on both sides, and by the court, and was on the same day filed with the clerk, and duly stamped by him on that day and properly posted upon the appearance docket, nevertheless the journal clerk did not actually spread the same upon the journal of the court until a subsequent date.

We are clearly and unanimously of the opinion that the order of the court changing the record was contrary to law and erroneous, some of the reasons therefor being as follows:

In the first place, the bill of exceptions taken upon the hearing of the motion to change the record does not disclose any competent evidence as to the date when the journal clerk actually transcribed the journal entry upon the journal of the court, and there was no evidence even tending to show that such transcribing was done on the 6th of June. There was evidence by the clerk of court that the journal clerk was not able to actually spread at large upon the journal the judgments rendered by the court on the very day they were rendered, but the clerk specifically testified that he could not tell when this particular judgment was spread upon the journal; and the trial judge found that he was unable to find from the evidence the exact date when the words and figures of the journal entry were spread upon the journal. Therefore his conclusion of law, that "the judgment on the verdict rendered by the trial court herein was June 6, 1922, instead of May 23, 1922," was not supported either by the evidence or by the finding of fact made by the court.

In the second place, this motion having been filed and heard at a subsequent term of the court, the evidence, even if the specific time of the actual writing on the journal had been shown, did not disclose any proper ground authorizing the court to change the record. Authority to do so is claimed to be given by Section 11631, General Code, wherein the court is authorized to modify

its judgment after term "for mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order." There was no mistake, neglect or omission on the part of the clerk. He made his record so as to show *truthfully* and *exactly* the proceedings of the court on the *very day* and in the manner in which said proceedings were had; and it is not claimed that there was any irregularity in obtaining the judgment or order.

Moreover, the theory advanced for such change is entirely fallacious. It is a well-known fact, of which courts are bound to take judicial notice, that in most counties of the state it is a physical impossibility for a clerk to actually spread upon the journal the judgments rendered by the court on the very day on which they are rendered, and there is no law requiring that the same be done, or that a record be kept of the time when the same is done; nor is there any warrant for parties to the suit claiming that the day on which a judgment is actually spread upon the journal is the day which determines when the judgment is rendered or entered. This must be so, otherwise there would be endless confusion and uncertainty; for the journal is the record of the proceedings of the *court*—not of the action of the *clerk*.

The rendition of a judgment is a judicial act of the court, pronouncing the sentence of the law upon the facts in controversy as ascertained by the pleadings and the verdict, which is complete when spread upon the journal, or when the judgment has been reduced to writing and the judge has signed such judgment entry and the same has been duly filed with the clerk to be spread upon

the journal.  The clerk records on the journal
the action of the court, or spreads thereon such
judgment entry as signed by the judge, showing
the final conclusion reached by the court in the
matter, thus furnishing external, incontestable evi-
dence of the judgment, which record is designed
to stand as a perpetual memorial of the court's
action.  While such act by the clerk is an "entry"
on the records, it is purely a ministerial act.
Strictly speaking, the judgment is the formal
paper applying to the rights of the parties the
principles which determine the controversy.   It
is the judgment of the court and not of the clerk.
The statutes provide that all judgments and orders
must be entered on the journal of the court, and
specify clearly the relief granted or order made in
the action; and it is made the duty of the clerk
to indorse on each pleading and order filed in
his office the time of filing, and to enter all judg-
ments and proceedings of the courts of which he
is by law the clerk.  The clerk is also required
to keep the journals, records, books and papers
appertaining to the court, and to record its pro-
ceedings; and upon the overruling of a motion
for a new trial to immediately enter judgment.

The clerk, on the journal, keeps a faithful and
correct record of each day's proceedings of the
court, but, as a matter of fact, that record is
not and cannot be made on the very day the pro-
ceedings are had, and when the court renders a
decision, and thereafter a judgment entry is pre-
pared in writing, and approved by the attorneys
in the case, and signed by the judge, and is re-
ceived and filed by the clerk, the judgment is not
only "rendered," but is in contemplation of law

"entered," and it is the duty of the clerk, in thereafter making up the journal, to spread the entry upon the journal of that day's proceedings; and when that is done, and the journal fully and correctly shows the proceedings of the court just as they were had, it is not subject to modification or change after term, except for reasons set forth in Section 11631, General Code, and in the manner provided by statute.

We learn from the record that the journal of the proceedings of the common pleas court for the 23d day of May, 1922, has been so changed as to purport to record as a part of that day's proceedings an action in this case taken by the court *two weeks in the future*, that is, on June 6, and the record of the proceedings of the court of June 6 fails to show that the court took any action whatever in reference to this case on that day. And the appearance docket still shows that the entry of judgment was on May 23, 1922; and that, in fact, was the only day on which the court did render judgment and order the same entered on the records. The clerk could not have properly "entered" the judgment except in *pursuance* of and as a *part* of the action of the *court*.

Section 11578, General Code, requires that a motion for a new trial should be filed within a certain time after the decision is rendered. "Decision" is here used as synonymous with "judgment." *Buckeye Pipe Line Co.* v. *Fee*, 62 Ohio St., 543, 555; *State, ex rel.,* v. *Jones*, 95 Ohio St., 357, and *Industrial Commission* v. *Musselli*, 102 Ohio St., 10.

Section 12270, General Code, provides that a petition in error shall be filed within a certain

time after the "entry" of the judgment or final order.

These sections do not provide one day for the rendering of a decision or judgment and another day for the entry of that same decision or judgment. The word "entry," in Section 12270, does not have reference to the time of the performance of the ministerial act of the clerk in spreading the judgment entry on the journal, but to the action of the court in announcing its decision and signing and filing the written judgment entry, which is thereafter to be spread upon the journal, and when, by such action taken by the court, the day of the "rendering" of the decision or judgment is fixed, so as to require a motion for a new trial to be filed within a certain time thereafter, that same date is fixed as the date of the "entry" of the decision or judgment from which to reckon the limitation provided for in Section 12270.

In a recent case, the Supreme Court has definitely settled that a judgment is "rendered" within the meaning of Section 11578, General Code, when the trial judge has announced his decision and thereafter a judgment entry has been signed by him and duly received and filed on the same day by the clerk. (*Industrial Commission* v. *Musselli, supra*.)

In speaking of the case last above cited, by way of interpretation, the Supreme Court recently said, in *Smith* v. *Smith*, 103 Ohio St., 391, 395:

"In that case it was held that the court speaks through its journal and a judgment is not rendered until it is reduced to a journal entry. Slight

reflection will show the necessity of this rule. Otherwise doubt and controversy would constantly arise as to what the judgment or order of the court and its date were."

We therefore hold that in the case at bar the judgment was rendered and entered on the 23d day of May, 1922, and that the record does not disclose any facts which justified or authorized the common pleas court in making an order at a subsequent term changing that date.

Insomuch as the court speaks by its journal, which, as to persons not strangers to the action, is conclusive evidence of and a perpetual memorial of the court's action, it is to be regretted that such a solemn record, which did truthfully and accurately set forth the action taken by the court, should be changed as was done in this case.

In Case No. 783 the order or judgment is reversed, as being contrary to law, and, the facts being undisputed, we make the order that the common pleas court should have made, and the motion to change the record is overruled, and the clerk of the common pleas court is ordered to restore journal 94, page 237, to the condition in which it was before such changes were made in pursuance of the order of the common pleas court.

In Case No. 704 the petition in error is dismissed for want of jurisdiction.

*Petition in error dismissed in Case No. 704. Judgment reversed in Case No. 783.*

FUNK, P. J., and PARDEE, J., concur.