### YOST et v STEWART

Ohio Appeals, 7th Dist, Mahoning Co

Decided April 8, 1935

W. Harold Yost, Youngstown, for plaintiffs in error.

J. G. Hartwell, Youngstown, for defendant in error.

## OPINION

By NICHOLS, J.

Error is prosecuted to this court to reverse the judgment of the Common Pleas Court in dismissing said appeal. The sole question to be determined is whether or not, under the provisions of said §1579-156 of the Municipal Court Act of the City of Youngstown, the appeal bond was filed in time, the contention of the plaintiff in error being that the ten days time allowed by this section for the filing of an appeal bond does not begin to run until three days have first elapsed after the entering of the judgment, in which three days the aggrieved party may file a motion for a new trial.

..Sec 1579-141 of the Youngstown Municipal Court Act provides:

"The respective judges of the Municipal Court * * * shall prescribe forms, establish a system for the docketing of causes, actions and demurrers, and designate the mode of keeping and authenticating records of proceedings had before them."

Pursuant to §1579-141 of the Municipal Court Act, the Youngstown Municipal Court judges established the following rules:

"Rule 2. Classification of cases. All civil actions in this court are hereby divided into the following classes: First Class Cases—(1) All actions for the recovery of money only, whether in contract or tort, wherein the amount sought ot be recovered exceeds three hundred dollars ($300.00), exclusive of interst and costs; * * *.

Rule 19. Provisions of Civil Code shall apply to Municipal Court. In all first-class cases, the provisions of the Ohio Code of Civil Procedure governing the practice and procedure of Courts of Common Pleas, so far as the same are applicable to the Municipal Court, and consistent with the act establishing said Municipal Court, and not inconsistent with the rules otherwise adopted for the practice and procedure of said Municipal Court, shall be held to apply to and govern the proceedings in said Municipal Court."

"Rule 4. Dockets and Records. The clerk shall prepare and keep the following

dockets·and books which shall be the public records of the court:

(1) A 'Civil Docket' in which shall be entered in consecutive order all civil cases brought in said court.

(2) A 'Bond Docket' * * *

(3) A 'Journal' in which shall be recorded the orders of the court, made in cases of the first and second classes.

(4) A loose leaf sheet which shall be known as the 'Half-Sheet', which shall be kept by the clerk for each case, which shall be a copy of the civil docket and kept in the files. Each transaction and a minute of each order and judgment of the court in the case shall be made upon this sheet by the clerk under the direction of the judge."

(6) A 'General Index' * * *.

(7) All records and transcripts of records of said court shall be authenticated over the signature of one of the judges and the clerk, with the seal of the court attached."

It will thus be seen that the action of plaintiff below was such as, by the rules of the court, is denominated a "first-class" case, it being sought therein to recover in excess of $300.00 exclusive of interest and costs.

Sec 1579-160 of the Municipal Court Act, as well as Rule 19 of the Municipal Court, above quoted, provides that the rule governing the Court of Common Pleas shall be held to apply to the Youngstown Municipal Court as to procedure, including procedure relating to motions for new trial.

Reference to Rule 4 of the Municipal Court discloses that under authority of §1579-141 of the Act, the clerk shall prepare and keep certain dockets and books, among which is a "loose-leaf" sheet, which shall be known as the "half-sheet," which shall be a copy of the civil docket and kept in the files. Each transaction and a minute of each order and judgment of the court in the case shall be made upon this sheet by the clerk under the direction of the judge. In the case at bar there was entered on this "loose-leaf sheet", known as the "half-sheet", under the direction of the trial judge, on the 23rd day of November, 1932, an entry in favor of the plaintiff. The purpose of this "half-sheet" and of the making of the entries thereon serves the same purpose as the entry in the Common Pleas Court upon the docket thereof of the rendering of a verdict by the jury, and it is apparent that the time within which to file a motion for a new trial be-

gins to run from the date of the entry of the judgment is made upon this "half-sheet." In this case no motion for a new trial was filed within three days from this entry upon the "half-sheet," and seven days after the entry was made thereon the judgment was recorded in the journal of said court, being one of the books required to be kept by the clerk.

The plain provisions of §1579-156 of the Youngstown Municipal Act are that:

"The party appealing must, within ten days from the rendition of the judgment, enter into an undertaking *. * * in order to perfect an appeal."

We can find no authority for holding that an additional three days must be allowed after the entering of the judgment upon the journal of the Municipal Court within which to file a motion for a new trial. In this case no motion for a new trial was ever filed, there being an effort to appeal the case to the Common Pleas Court and not go to that court upon error. No motion for a new trial was necessary to ·perfect an appeal of the action. It has been claimed on behalf of the plaintiff in error that since the Municipal Court Act provides that the procedure therein shall be the same as in the Court of Common Pleas, that the provisions of §§11578, 11599 and 11604, GC, governing the entry of judgments in the Common Pleas Court apply, and with this claim we do not agree.

Sec 11578, GC, provides that:

"The application (for a new trial) must be made within three days after the verdict or decision is entered.".

Holding as we do, that the entry of the decision of the Municipal Court upon the "half-sheet" was equivalent to entering on the docket the rendition of the verdict of a jury, then it follows that the application for a new trial is, by the provisions of §11578, GC, required to be filed within three days after the entry of the decision upon the "half-sheet".

Sec 11599, GC, provides:

"When a trial by jury has been had, judgment must be entered by the clerk in conformity to the verdict * * * immediately after the time for the filing of a motion for a new trial—if it has not been filed."

Applying the language of the last cited statute to the case at bar, it was the duty

of the clerk to enter judgment on the journal immediately after the expiration of three days next after the entry upon the ' half-sheet."

The judgment was entered upon the journal by the clerk after the expiration of three days from the entry on the "half-sheet," which is the equivalent of the entry of a verdict of a jury.

Sec 11599 GC does provide that when a motion for a new trial is filed, then such judgment shall be entered only when the court has sustained such verdict by overruling the motion and that upon such overruling it shall immediately be entered. The portion of the section is not applicable here, because no motion for a new trial was filed. Sec 11604, GC, provides that:

"All judgments * * * must be entered on the journal of the court * * *."

The judgment of the Municipal Court in this case was entered upon the journal of the court and so the provisions of this section have been fully complied with.

We have been cited to the case of Cox v Cox, 108 Oh St, 473. At page 474 therein the court say:

"It has been definitely decided by this court that a court speaks through its journal and that a judgment is not rendered until it is reduced to a journal entry."

We agree with this statement of the court in the case of Cox v Cox, but we do not see how it helps the plaintiff in error in this case, as the judgment of the Municipal Court was entered on the journal of that court on the 30th day of November, 1932. No appeal bond was filed until the 12th day of December, 1932, so that more than ten days elapsed after the rendition of the judgment as entered on the journal of the Municipal Court before the appeal bond was filed. In this situation of the case no appeal was perfected to the Common Pleas Court and that court very properly dismissed the action, because the appeal had not been perfected by the filing of a bond within ten days after entering of the judgment in the Municipal Court.

In the case of **The Ohio Associates Co. v Pritz, and Pritz v The Ohio Associates Co., Court of Appeals, Hamilton County, decided June 4th, 1934, and reported in 48 Oh Ap, 567, (18 Abs 546)** the court held that:

"The date for computing the period allowed to perfect an appeal in a chancery case, which is thirty days, begins to run from the date of the final entering of the final judgment and not from the entry overruling the motion for a new trial."

While the case at bar is an action under the statute and is not, strictly speaking, a chancery case, yet the last cited case seems to be authority for holding that where a motion for a new trial is not required in order to perfect an appeal, the time for computing the period allowed to perfect an appeal begins to run from the date of the entering of the final judgment and not from the entry overruling the motion for a new trial, even in cases where a motion for a new trial is filed.

We can see no reason for holding that an additional three days time shall be allowed before time begins to run in which an appeal bond shall be filed in an action wherein no motion for a new trial is necessary to be filed in order to perfect the appeal.

Judgment of the Common Pleas Court affirmed.

CARTER and ROBERTS, JJ, concur.