## PITTSBURGH COAL CO v HAMBURG et

Ohio Appeals, 7th Dist, Mahoning Co

No 2246. Decided Oct 15, 1935

Osborne Mitchell, Youngstown, for plaintiff in error.

W. P. Barnum, Youngstown, and Murray Nadler, Youngstown, for defendants in error.

### OPINION

By NICHOLS, J.

This cause is submitted to this court on separate motions of defendants in error to strike the petition in error from the files, it being claimed that this court is without jursdiction in that the petition in error was not filed within seventy days from the final judgment of the Court of Common Pleas of Mahoning County, Ohio.

We will not go 'nto the merits of this case. It is sufficient for the purposes of this motion that we determine from certain conceded facts set forth in the brief of defendants in error whether or not the petition in error has been filed within the time provided by law. From the brief of defendants in error we find that on December 9, 1933, there was a trial in the Common Pleas Court of the issues between the plaintiff in error and defendants in error, a jury being waived by the parties and the cause submitted to the court without the intervention of a jury; that testimony was taken on that date and the cause submitted to the court upon the question of the validity of a mortgage held by the defendant in error, Elmer Hamburg.

From the brief of defendants in error

we also find that on March 20, 1934, the court found that the mortgage of Elmer Hamburg was valid and therefore "renders judgment on all issues in his favor. Exceptions allowed."

On March 22, 1934, motion for a new trial was filed by Pittsburgh Coal Company. On April 17, 1934, the court, without passing upon the motion for a new trial, rendered judgment in favor of the above named defendants in error and against Pittsburgh Coal Company in accordance with the finding of said court under date of March 20, 1934. In this journal entry nothing is said about a motion for a new trial. Subsequently an attempt was made by Pittsburgh Coal Company to appeal to this court from the judgment rendered against it in the Common Pleas Court. A motion was filed in the Court of Appeals by the defendants, Elmer Hamburg and David Shermer, receiver of The 'Ohio Dry Cleaning, Inc., praying that the appeal be dismissed, and, upon hearing in this court on said motion, the appeal of Pittsburgh Coal Company was dismissed for the reason that the action of Pittsburgh Coal Company the court below was not a chancery proceeding.

When this case was before the Court of Appeals at the January term on the hearing to dismiss the appeal, the Appellate Court noticed that the motion for a new trial was still pending in the court below, and called the attention of counsel to the fact that it had never been overruled, and the cause was remanded to the Court of Common Pleas. The Court of Common Pleas, on May 16, 1935, overruled the motion of Pittsburgh Coal Company for a new trial and thereafter, within seventy days from May 16, 1935, Pittsburgh Coal Company filed its petition in error in this court.

From this recital it will be observed, as stated in the brief of defendants in error, that the pivotal points are as follows:

That the trial on the merits as between Elmer Hamburg and the Pittsburgh Coal Company was December 9, 1933. The court, by its docket entry of March 20, 1934, indicated its decision in favor of Elmer Hamburg. On March 22, 1934, the Pittsburgh Coal Company filed its motion for new trial, and the judgment in favor of Elmer Hamburg against Pittsburgh Coal Company was entered under date of April 17, 1934. The motion for a new trial was overruled May 16, 1935. Petition in error herein was filed June 18, 1935.

Under the situation above outlined where did the time begin to run in which the plaintiff in error was required to file its petition in error? Our attention is called to the fact that after the petition in error was filed in this court a nunc pro tunc entry was made in the Common Pleas Court whereby the entry in that court dated April 17, 1934, was amended so as to incorporate therein the following:

"Court refuses to take action upon motion of Pittsburgh Coal Company because said motion raises only an academic question and for the further reason that said company's motion is stale and is not the proper party to complain in this cause of the matters alleged in said motion: exceptions allowed."

This addition to the entry of April 17, 1934, has no bearing upon the hearing of this motion to dismiss the petition in error except that it shows quite definitely that the motion for a new trial filed by Pittsburgh Coal Company in the Common Pleas Court had not been overruled or sustained at the time judgment was entered against Pittsburgh Coal Company in that court. From the above recital of facts it is, of course, conceded that the motion for a new trial was not overruled by the Common Pleas Court until May 16, 1935. Examining the entry of the Common Pleas Court made on May 16, 1935, we find that the only action of the Common Pleas Court on that date was the overruling of the motion for a new trial, and no new judgment was either then or thereafter rendered by the Common Pleas Court against Pittsburgh Coal Company.

It appears to this court that the provisions of §11599, GC, were entirely overlooked or disregarded by the Common Pleas Court in this proceeding subsequent to March 22, 1934, the date of the filing of the motion for a new trial.

It is the claim of defendants in error, first, that the motion for a new trial filed March 22, 1934, was premature and was of no validity and that such motion was required by law to be filed within three days from April 17, 1934, the date upon which judgment was entered in favor of Elmer Hamburg and against Pittsburgh Coal Company. With this claim of defendants in error we do not agree.

"1 Where an action at law is submitted to the court, trial by jury being waived by the parties, the finding of the court is the equivalent of the verdict of a jury and is to be governed by all statutes relating to verdicts."

Boedker v The Warren E. Richards Co., 124 Oh St 12.

We find and hold that the entry made by the Common Pleas Court on its docket under date of March 20, 1932, wherein it found in favor of Elmer Hamburg and against Pittsburgh Coal Company was the equivalent of a verdict of a jury on that date.

"2. Under the provisions of §11599, GC, an entry of judgment in a suit at law before the expiration of the three day period within which a motion for a new trial may be filed is ineffective to start the running of the limitation for filing a petition in error."

Boedker v The Warren E. Richards Co., supra.

It therefore follows that the recital in the entry of the Common Pleas Court on its docket under date of March 20, 1932, to the effect that the court "renders judgment on all issues" was ineffective to start the running of the limitation for filing a petition in error.

"3. In the event a motion for a new trial is in fact filed within three days after the entry of the judgment, the limitation within which a petition in error may be filed runs from the entry of the judgment upon the overruling of such motion for a new trial."

Boedker v The Warren E. Richards Co., supra.

It therefore follows that the judgment rendered by the Court of Common Pleas on April 17, 1934, was ineffective to start the running of the limitation for filing a petition in error.

We quote the language of §11599, GC:

"Sec 11599 GC—Judgment on verdict when entered.—When a trial by jury has been had, judgment must be entered by the clerk in conformity to the verdict, unless the verdict is special, or the court orders the case to be reversed for future argument or consideration immediately after the time for the filing of a motion for a new trial if it has not been filed. When a motion for a new trial is filed, then such judgment shall be entered only when the court has sustained such verdict by overruling the motion. Upon such overruling it shall immediately be entered."

This language is clear and unambiguous and definitely provides that upon the overruling of the motion for a new trial the Common Pleas Court must enter judgment in accordance with its former finding. No such judgment has ever been entered, and it therefore follows that there is no final order in this case from which error can be prosecuted and this case must be remanded to the Common Pleas Court for further proceedings in accordance with the provisions of §11599, GC. The seventy day period for the filing of a petition in error will run from the date the Common Pleas Court enters its final judgment upon the overruling of the motion for a new trial. This is in accordance with the second syllabus in the case of:

Craig et v Welply et, 104 Oh St 312.

"Limitation of time to file proceedings in error begins to run from date of judgment and not from overruling of motion for new trial."

We have been cited to the case of Amazon Rubber Co. v Morewood Realty Holding Co., 109 Oh St 291, but the holding of the Supreme Court in this case is only to the effect that the seventy days begins to run from filing of journal entry of judgment with the clerk, not from the date the clerk actually writes up the journal. No entry of judgment having been filed with the clerk upon the overruling of the motion for a new trial in the case at bar the questions raised in Amazon Rubber Co. v Morewood Realty Holding Co., supra, are not in point.

Our attention has also been called to the case of Wells v Wells, 105 Oh St 471. From the syllabus of this case we find that the motion for a new trial affects the time when the limitation begins to run only in those cases where the motion for a new trial prevents the entry of a judgment until such time as the court passed upon the motion for a new trial. It is clear from a reading of the provisions of §11599, GC, that the motion for a new trial did prevent the entry of a judgment in the case at bar until the motion was overruled.

We think it pertinent to remark that under the ruling of the Supreme Court in Craig et v Welpley et, 104 Oh St 312, supra, to the effect that the limitation of time provided oy §12270, GC, within which to commence proceedings to reverse a judgment begins to run from the date of the

judgment sought to be reversed, and not from the overruling of the motion for a new trial in the cause, is especially applicable to the proceeding at bar for the reason that the trial court has failed to enter the judgment which is required to be entered upon the overruling of the motion for a new trial and for that reason there is yet no final entry in the Common Pleas Court and it follows that the seventy day limitation can not begin to run from the overruling of the motion for a new trial.

In cases where the Common Pleas Court follows the provisions of §11599, GC, the date of the judgment and the date of the overruling of the mottion for a new trial will be the same date.

The petition in error is dismissed for the reason that no final entry has yet been made in the Common Pleas Court from which error can be prosecuted and this cause is remanded to the Common Pleas Court for further proceedings according to law.

CARTER and ROBERTS, JJ, concur.