VANCE ET AL., APPELLANTS, *v.* THE HOWER CORP.,
APPELLEE.

THE HOWER CORP., APPELLEE, *v.* VANCE ET AL.,
APPELLANTS.

(Nos. 3635 and 3636—Decided March 10, 1944.)

*Mr. E. F. Mooneyham,* for appellants.
*Mr. M. Louis Palmieri,* for appellee.

STEVENS, P. J. These two appeals on questions of law were heard and submitted together.

The first appeal is from a judgment of dismissal, entered in the Court of Common Pleas in an action brought to enjoin the enforcement, in the Common Pleas Court, of a purported judgment of the Municipal Court of Akron, Ohio.

The second is from an order and judgment of the Court of Common Pleas which overruled a motion by which the defendants attempted to have that court declare to be null and void a certificate of judgment filed in the Court of Common Pleas upon a purported judgment of the Municipal Court of Akron.

The facts from which the appeals arise are as follows:

On May 16, 1940, The Hower Corporation brought action against Fred S. Vance and Ollie Vance in the Municipal Court of Akron, seeking the recovery of money in the sum of $75, with interest thereon from May 16, 1940.

As appears from the docket, the defendants were served by mail on May 18, 1940.

On May 23, 1940, the following minute was made on the half sheet of said court in said case:

"Case called, defendant not appearing. Default judgment for plaintiff for $75, and also $5.85 costs of suit."

In the left-hand column of the half sheet, under the legend "Judge," appears "Powers, J." No entry upon any journal of the court was made, nor was any separate journal entry prepared, approved by the court, and filed with the clerk of the Municipal Court.

On August 14, 1943, a "certificate of judgment" was issued by the clerk of the Municipal Court of Akron, wherein he certified that a judgment was rendered in favor of The Hower Corporation and against Fred P.

Vance and Ollie Vance for $75, and for $6.20 costs, with interest at the rate of 6% from the 23rd day of May, 1940.

This certificate further stated: "Said judgment is recorded in docket No. 395, page 203088, of the records of the Municipal Court of the city of Akron, Summit county, Ohio * * *."

On August 16, 1943, said certificate of judgment was filed in the office of the clerk of the Common Pleas Court of Summit county, Ohio, and was by the clerk recorded in judgment docket 4, page 347, of the records of the court, and numbered JL-2430.

Upon such judgment, so entered, an execution was caused to be issued by The Hower Corporation, which was by the sheriff returned unsatisfied.

An affidavit in aid of execution was then filed in the Court of Common Pleas on said certificate of judgment, and an order issued to the Firestone Tire & Rubber Company to appear and answer respecting its indebtedness to Fred S. Vance.

The Firestone Tire & Rubber Company, pursuant to order of the Court of Common Pleas, has withheld from the earnings of Fred S. Vance certain money owing to him, and it is stipulated that The Hower Corporation will proceed to enforce the purported judgment unless restrained from so doing.

The legislation creating the Municipal Court of Akron (Section 1579-497 *et seq.*, General Code) prescribes in Section 1579-497, General Code: "That there shall be, and hereby is established in and for the city of Akron a municipal court, *which shall be a court of record* * * *." (Italics ours.)

It will be noted that the statute makes no distinction, so far as the court's being one of record, between large and small, or what are designated in Rule 2 of the Municipal Court as first- and second-class, cases.

Section 1579-536, General Code, provides:

"The clerk shall have power to administer oaths and take affidavits; and acknowledgments; to issue executions upon judgments rendered in the municipal court, including judgments for unpaid costs; to issue and sign all writs, process and papers issuing out of the court and to affix the seal of the court thereto; and to approve all bonds and recognizances required by law or fixed by the court or any judge thereof, except as otherwise provided herein. He shall make, file, and safely keep all *journals,* records, books and papers belonging or appertaining to the court, including records of its proceedings and shall perform all other duties which the court may require. * * *" (Italics ours.)

Section 2898, General Code, provides:

"The provisions prescribing the duties of clerks of the Court of Common Pleas shall, so far as they are applicable, apply to the clerks of other courts of record."

Section 2880, General Code, provides:

"The clerk shall keep the journals, records, books and papers appertaining to the court and record its proceedings."

It seems apparent from the foregoing statutes that it is the duty of the clerk of the Municipal Court to keep a journal, and to record therein the proceedings of the court.

Section 11604, General Code, provides:

"All judgments and orders must be entered on the journal of the court, and specify clearly the relief granted or order made in the action. The entry must be written into the journal as soon as the entry is filed with the clerk or directed by the court and shall be journalized as of the date of the filing of said entry or of the written direction by the court."

This section requires the clerk to enter all judg-

ments and orders of the court upon the journal of the court and fixes the time for so doing.

Section 1579-516, General Code, provides:

"* * * 4. To expedite the business of the court and promote the ends of justice, the judges from time to time shall adopt, publish and revise rules relating to matters of practice and procedure not otherwise provided for in this act."

Under such rule-making power, the following rule pertaining to its journal was adopted by the court:

"Rule 4, Dockets and Records.

"The clerk shall prepare and keep the following dockets and books, which shall be the public records of the court: * * *

"(5) A 'journal,' in which shall be recorded the orders of the court, made in cases wherein extended records are ordered to be made, or are demanded by a party. In the former case the expense of said records is to be taxed as costs in the case, and in the latter case the expense is to be prepaid by the party demanding the same and not taxed as costs.

"In all first-class cases a journal entry, together with a copy of the same, shall be furnished by the attorney to the clerk, who, after filing the same, shall cause the original to be entered in the journal provided for that purpose and the copy to be included in the files in the case."

The foregoing rule excepts from journalization, judgments in all second-class cases, except those included within the class "cases wherein extended records are ordered to be made, or are demanded by a party."

The above rule clearly contravenes Section 11604, General Code, and likewise the statutes with reference to the assessment of costs, and accordingly was not within the power of the court to enact, is void and of no effect.

The Municipal Court of Akron being made by statute a court of record as to all cases therein, and the clerk's duties being fixed by statute, an invalid rule of court cannot relieve the clerk of the performance of those duties which the statutes enjoin upon him.

It was and is therefore the duty of the clerk of that court to enter the judgments of the court upon its journal when such judgments have been duly rendered, and this applies to second-class (cases involving less than one hundred dollars) as well as to first-class cases (involving one hundred dollars or more).

In the case under consideration, was there a judgment rendered?

The only minute of a conclusion by the court, favorable to the plaintiff, was the notation (above set out) on the "half sheet," which was likewise copied into the docket of the court.

It was held in *Yost* v. *Stewart,* 19 Ohio Law Abs., 364, that "the entry of the decision of a Municipal Court upon the 'half sheet' is equivalent to the entry of a jury verdict upon the docket in the Common Pleas Court."

See, also, *Pittsburgh Coal Co.* v. *Hamburg,* 22 Ohio Law Abs., 283.

The Supreme Court of Ohio has declared, in *Industrial Commission* v. *Musselli,* 102 Ohio St., 10, 130 N. E., 32, that a judgment is not rendered until it is reduced to a journal entry; and in *Amazon Rubber Co.* v. *Morewood Realty Holding Co.,* 109 Ohio St., 291, 142 N. E., 363, the Supreme Court stated:

"Where the decision of a court has been reduced to a journal entry, approved by the judge and counsel for the interested litigants, and the same has been filed for record with the clerk, such filing becomes an 'entry of the judgment' within the meaning of Section 12270, General Code * * *."

To prove the existence of a judgment, the common law as well as the statutes thereon governing courts of record require that either the entry of such judgment on the *journal* of the court, or a certified copy thereof, be produced.

In the instant case there was no judgment rendered because the decision of the court (the equivalent of a jury verdict) was not reduced to a journal entry, and there was no judgment entered, because of failure to meet the requirements set forth in *Amazon Rubber Co.* v. *Morewood Realty Holding Co., supra.*

We have examined many authorities in our investigation of this question, some of which are as follows:

11 Ohio Jurisprudence, Courts, Section 150; *State* v. *Allen,* 117 Ohio St., 470, 159 N. E., 591; *State, ex rel. Industrial Commission,* v. *Day, Judge,* 136 Ohio St., 477, 26 N. E. (2d), 1014; *Cox* v. *Cox,* 108 Ohio St., 473, 141 N. E., 220; *Morewood Realty Holding Co.* v. *Amazon Rubber Co.,* 18 Ohio App., 201; *Brown* v. *Cray, Mayor,* 88 Conn., 141, 89 A., 1123; *Kennedy* v. *Citizens' National Bank of Knoxville,* 119 Iowa, 123, 93 N. W., 71; 1 Freeman on Judgments (5 Ed.), Judgments, Section 49; 34 Corpus Juris, Judgments, Section 182.

Inasmuch as a court of record speaks through its journal (*State, ex rel. Industrial Commission,* v. *Day, Judge, supra*), it is our conclusion that the trial court erred when it refused to issue the injunction sought by plaintiffs, for the reason that there was no judgment of the Municipal Court upon which a certificate of judgment could properly be issued.

Moreover, had there been a valid judgment rendered, the purported certificate of judgment which was issued by the clerk of the Municipal Court did not conform to the requirements of Section 11656, General Code, because it certified "Said judgment is recorded in *Docket* 395, page 203088, of the records of the Municipal Court of the city of Akron," whereas the statute requires the

clerk to certify "the volume and page of the *journal entry* thereof." (Italics ours.)

The judgments of the trial court in each of said appeals are reversed; and this court, proceeding to enter the judgments which the trial court should have rendered, orders that the injunction as prayed for in Common Pleas Court case No. 143820 issue, and that the motion of the defendants below to declare the certificate of judgment filed in the Common Pleas Court as No. JL-2430 to be null and void, be sustained, with exceptions to appellee (The Hower Corporation) in each of the cases.

Reversed and final judgment for appellants in each case.

*Judgments reversed.*

WASHBURN and DOYLE, JJ., concur.