Marshall, C. J.
 

 These two cases involve the same legal questions and, in all essential features, similar facts.
 

 In cause No. 20506 Charles Allen was charged with the unlawful possession of intoxicating liquors, and, upon trial before J. "W. Newberry, a justice of the peace of Pike township, in Perry county, Ohio, was adjudged guilty, and assessed a fine. The trial took place on December 3, 1926. On December 20, 1926, a petition in error was filed in the Court of Appeals. Error was not at any time prosecuted to the court of common pleas of Perry county from the judgment of the justice of the peace.
 

 In No. 20507 Emanuel Williams was charged with unlawful possession of intoxicating liquors, and was tried before the said J. W. Newberry, the trial taking place October 25, 1926, and the defendant was adjudged guilty, and a fine was assessed. A petition in error was filed in the Court of Appeals of Perry county November 24, 1926, and was not at any time filed in the court of common pleas of Perry county, Ohio.
 

 The Court of Appeals of Perry county heard the two cases, and reversed the judgments of the justice of the peace on the ground that the justice of the peace had no jurisdiction to hear and decide the causes. Thereupon the State of Ohio filed motions to certify, and also filed petitions in error as of right, claiming that the causes involved constitutional questions.
 

 Error having been prosecuted in these cases
 
 *472
 
 directly from the judgment of the justice of the peace to the Court of Appeals, it challenges the power of the Court of Appeals to entertain an error proceeding or to review a judgment of a justice of the peace, where, the error proceeding has not first been reviewed by the court of common pleas. Whether or not the Court of Appeals has jurisdiction depends upon an interpretation of the following portion of Section 6 of Article IV of the Constitution:
 

 “The Courts of Appeals shall have * * * appellate jurisdiction in the trial of chancery cases, and, to review, affirm, modify, or reverse the judgments of the court of common pleas, superior courts and other courts of record within the district as may be provided by law.”
 

 It will be seen, therefore, that the Court of Appeals has no jurisdiction to entertain error proceedings from any court or tribunal, except ‘ ‘ courts of record.”
 

 The majority of this court would have little difficulty at this time in reaching a conclusion upon this proposition, except for a number of former decisions rendered by this court, in one or more of which every member of this court as at present constituted has concurred, in which an interpretation of Section 6, Article IV, above quoted, has been involved, and which will now have to be departed from to some extent, if the jurisdiction of the Court of Appeals to entertain a proceeding in error directly from a justice of the peace is to be denied.
 

 Whatever interpretation is to be put upon the Constitution, it is quite certain that the Court of Appeals has only power to entertain jurisdiction
 
 *473
 
 in error to review the judgment of a court of record. It must first be inquired, therefore, whether a justice of the peace is a court of record.
 

 The language of Section 6 leaves no doubt that it was in the mind of the framers that there should be a classification of courts into two classes, viz., courts of record and courts not of record. The Constitution does not define courts of record, neither has any statute in Ohio specifically given a definition, and we are therefore remitted to the principles of the common law to ascertain the fundamental elements of a court of record, and which distinguished such a court from one not of record. In 3 Blackstone, Comm., 24, we find:
 

 “A
 
 court of record is that where the acts and judicial proceedings are enrolled in parchment for a perpetual memorial and testimony; which rolls are called the records of the court, and are of such high and supereminent authority that their truth is not to be called in question.”
 

 This definition has been followed with some elaboration and interpretation in a large number of eases, and one of the tests which has been applied is whether or not the record of the court imports absolute verity.
 

 It must first be determined what constitutes a record. A definition found in early text-books and adopted in many adjudicated cases states that it is a precise history of a suit from its commencement to its termination, including the conclusions of law thereon drawn by the proper officer for the purpose of perpetuating the exact state of facts.
 
 Burge
 
 v.
 
 Gandy,
 
 41 Neb., 149, 59 N. W., 359;
 
 Davidson
 
 v.
 
 Murphy,
 
 13 Conn,, 213;
 
 Neff
 
 v.
 
 Pennoyer,
 
 3
 
 *474
 
 Sawy., 274, Fed. Cas., No. 10,083;
 
 Tustin
 
 v.
 
 Gaunt,
 
 4 Or., 305, 309;
 
 Hahn
 
 v.
 
 Kelley,
 
 34 Cal., 391, 94 Am. Dec., 742; Coke on Litt., 260A; 3 Stephs. Comm., 583.
 

 In Ohio we are not driven to the common law definition of a record, because the legislation which has defined the jurisdiction and the procedure of the court of common pleas has created a clerk of that court, and defined his duties. By Sections 2874, 2878, and 2880, General Code, it is provided that he shall enter all orders, and shall keep journals, records, books, and papers pertaining to the court, and record its proceedings, and it is particularly provided as to what books shall be kept. Section 11607, General Code, provides that the record shall be made up from the petition, the process, writ, pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court. In contrast with these complete provisions relating to the court of general civil and criminal jurisdiction in Ohio, we find that the justice of the peace code (Sections 1711-1 to 1746-2, inclusive) makes no provision for a clerk, and the only books required to be kept are the civil and criminal dockets in which the justice himself makes the only entries, and there is no provision for complete copies of proceedings, process, and writs. It is particularly provided that the bill of particulars of either party shall only be spread upon the docket when it is “not of too great length.” It should have great weight in determining this important question that a justice of the peace is not required by the statute which creates the office and defines his duties to
 
 *475
 
 keep that kind of complete record that is required to be kept in the court of common pleas, and which is defined at the common law. The docket of a justice of the peace is not much, if any more, than a minute book, and such docket, even if kept strictly in accordance with the statutory requirements, might not even disclose the nature or the grounds of the cause of action. By the English authorities a court of record is defined as one which has the power to fine and imprison for contempt of authority. This would be an unsatisfactory test in Ohio, because in a proper case a notary public possesses such power, and no one would contend that a notary is a court. By certain authorities it is said that a court of record necessarily requires some duly authorized person to record the proceedings. This is definitely declared in
 
 Ex parte Gregg,
 
 6 Fed. Cas., (No. 3380), 796, 2 Curt., 98;
 
 State ex rel. Engelhard
 
 v.
 
 Weber,
 
 96 Minn., 422, 429, 105 N. W., 490, 113 Am. St. Rep., 630;
 
 Van Norman
 
 v.
 
 Gordon,
 
 172 Mass., 576, 53 N. E., 267, 44 L. R. A., 840, 70 Am. St. Rep., 304;
 
 Pringle
 
 v.
 
 Woolworth,
 
 90 N. Y., 502, 507.
 

 In other states outside of Ohio it has been held that a justice of the peace is not a court of record.
 
 Ellis
 
 v.
 
 White,
 
 25 Ala., 540;
 
 Snyder
 
 v.
 
 Wise,,
 
 10 Pa., 157;
 
 Smith
 
 v.
 
 Morrison,
 
 22 Pick., (Mass.), 430;
 
 Thomas
 
 v.
 
 Robinson,
 
 3 Wend., (N. Y.), 267;
 
 Searcy
 
 v.
 
 Hogan,
 
 21 Fed. Cas., (No. 12584a), 927;
 
 Hamilton
 
 v.
 
 Wright,
 
 11 N. C., 283;
 
 Cobb
 
 v.
 
 Gornegay,
 
 28 N. C., (6 Iredell), 358, 45 Am. Dec., 497;
 
 Cox
 
 v.
 
 Groshong,
 
 1 Pin., (Wis.), 307.
 

 On the other hand, it has been decided in certain jurisdictions that a justice of the peace is a court
 
 *476
 
 of record.
 
 Hooker
 
 v.
 
 State ex rel. Haynes,
 
 7 Blackf., (Ind.), 272;
 
 Hinchman
 
 v.
 
 Cook, 20 N.
 
 J. Law, 271.
 

 If we apply the test as to whether a record of a justice of the peace is entitled to full faith and credit in other states of the union, it will be found that the federal statute of 1790 (1 Stats, at L., 122; Title 28, Section 687, U. S. Code; U. S. Comp. St., Section 1519), providing for the manner of proving such a record, would make it impossible for the record of a justice of the peace to meet the requirements. Those requirements can only be met if there is a clerk to certify them and a seal to be annexed, together with the certificate of the presiding magistrate that the attestation is in due form.
 

 One test which has been recognized in some jurisdictions, and should have considerable weight, is whether the Legislature which creates the court has or has not declared it to be a court of record.
 

 The cases in Ohio are hopelessly involved in confusion, and the foregoing tests have not been harmoniously applied. An early adjudication is
 
 Hubbel
 
 v.
 
 Baldwin,
 
 Wright, 86, in which it is stated that a justice of the peace is not a court of record within the statute authorizing courts of record to proceed by rule of court to enforce statutory awards. It is further stated by Wright, J.:
 

 “By the terms,
 
 courts of record,
 
 the Legislature is understood as intending to describe a higher court than that of a justice of the peace; a court with a common
 
 seal,
 
 whose proceedings are according to the course of the common law, where the proceedings are in writing, and where a full
 
 *477
 
 final record of the judgments is made. Such courts proceed by
 
 rule
 
 sometimes—justices do not.”
 

 That decision was entered in 1832. The next year Judges Wright and Wood decided the case of
 
 Adair, Adm’r.,
 
 v.
 
 Rogers’ Adm’r.,
 
 Wright, 428, in which it was declared that a justice’s court is a court of record, and in the opinion in that case the Blackstone definition was quoted, and a justice’s court was held to be one of such high authority that its truth could not be called in question. The former of those cases was decided on the Cuyahoga county circuit; the latter on the Richland county circuit. About the same time, the entire court in special session in Columbus, in a case reserved from Richland county, entitled
 
 Silver Lake Bank
 
 v.
 
 Harding,
 
 5 Ohio, 545, held that a justice’s court in Pennsylvania is not a court of record, and yet held that its judgments were entitled to full faith and credit in this state, and that although its judgment could not be proven in accordance with the act of Congress of 1790 (1 Stats, at L., 122), it might nevertheless be proved by other evidence, and the issue tried before a jury. In
 
 State ex rel. Monroe County
 
 v.
 
 Daily,
 
 14 Ohio, 91, it was stated in the opinion by Wood, C. J., that the history of a proceeding before a justice of the peace is a record. He reaches this conclusion, not because the justice has power to fine and imprison, or because he is allowed a clerk, or uses a seal to verify the transcripts of his decisions, but because copies of his docket import absolute verity. He holds that they are of equal validity with the court rolls of Parliament or the exemplifications of the highest judicial tribunals of
 
 *478
 
 our country. In
 
 Stockwell
 
 v.
 
 Coleman,
 
 10 Ohio St., 33, the case of
 
 Silver Lake Bank
 
 v.
 
 Harding
 
 was followed, and it was again declared that a judgment of a justice of the peace is entitled to full faith and credit. In the
 
 Silver Lake Bank ‘case it
 
 was decided that a Pennsylvania justice of the peace is not a court of record, and in the
 
 Stockwell case
 
 that an Indiana justice of the peace is not a court of record. Nothing more need be said to show the confusion in which this question is involved by the early decisions of this court.
 

 It is highly significant that the Legislature has in nearly every instance declared the municipal courts of the state, in the special acts creating them, to be courts of record, and has in every instance authorized such courts to have a clerk, a seal, and complete records of the court’s proceedings, while at the same time it has declared a justice of the peace to be an officer, without making provision for clerk, or seal, or complete record of his proceedings.
 

 It is interesting to note some of the insignia of inferiority of a justice of the peace as compared with courts of general jurisdiction. A justice of the peace has no clerk or seal, no regular terms or sessions, need not adjourn to a definite day, or
 
 sine die.
 
 If a justice of the peace is called a court at all, such court is not an institution separate and distinct from the person who exercises the duties devolving upon the office; he keeps no journal or record other than a docket; no provision is made for an exemplification of his proceedings. A justice of the peace is not designated by statute as a court of record. On the criminal side, he may not
 
 *479
 
 preside over offenses above the grade of misdemeanor. In felonies he may only hold an inquest to determine the probable guilt, and recognize to a grand jury. A person is not required to be an attorney and counselor at law in order to appear before a justice of the peace in a representative capacity. The docket of a justice of the peace is little more than a minute book in which his proceedings are recorded in an abbreviated form. In civil matters his jurisdiction is limited and restricted, for the most part confined to the township in which he is elected, and limited to $300.
 

 It is not necessary in this case to determine the faith and credit to be given to the record of a justice of the peace, but it is necessary to determine whether or not a justice of the peace is a court of record. Without determining the former question, and leaving that much confused problem to be determined in a proceeding where it is directly involved, we have reached the conclusion, that, by reason of the fact that the Constitution clearly creates two classes, the more important class cannot include those tribunals which occupy the lowest stratum in the exercise of judicial authority. It must be apparent from what has already been said that a justice of the peace occupies that position, and whatever tests might properly be applied to determine the abstract question as to his being a court of record, and whatever the result of such tests might be, we have no hesitation in saying that, in the interpretation of Section 6 of Article IY of the Constitution, and in determining whether or not a justice of the peace comes within the classifi
 
 *480
 
 cation of courts of record, that determination must be in the negative.
 

 This conclusion necessarily results in inferentially overruling the case of
 
 Heininger
 
 v.
 
 Davis, Mayor,
 
 96 Ohio St., 205, 117 N. E., 229, because the jurisdiction of a mayor is defined to be that of a justice of the peace, and in all essential respects similar provisions are made for conducting judicial proceedings before a mayor. If a justice of the peace is not a court of record within the purview of Section 6 of Article IY, error could not be prosecuted directly to the Court of Appeals, and the Court of Appeals therefore acquired no jurisdiction to hear and determine these error proceedings.
 

 It results from the foregoing considerations that the Courts of Appeals had no jurisdiction of these error proceedings, and that their judgments must therefore be vacated and reversed.
 

 Judgments reversed.
 

 Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.