PETTIFORD *v.* VILLAGE OF YELLOW SPRINGS.

(Decided April 30, 1930.)

*Mr. Sully Jaymes,* for plaintiff in error.
*Messrs. Miller & Finney,* for defendant in error.

KUNKLE, P. J.   Plaintiff in error, William Pettiford, was charged with the violation of an ordinance of the village of Yellow Springs, Ohio, relating to intoxicating liquors, and upon the trial of the case was found guilty by the mayor of said village. Motion for a new trial having been overruled by the mayor, the plaintiff in error filed a motion asking leave of this court to file a petition in error, and it is attempted to prosecute error direct to this court from such judgment of said mayor.

The case has been submitted to this court upon such motion, and also upon its merits.

It is agreed that, if the motion for leave to file a petition in error is granted, then the court shall consider the case upon its merits. Counsel have favored the court with very exhaustive briefs in which the various questions raised are discussed.

The first question presented for consideration relates to the jurisdiction of this court to entertain the motion for leave to file a petition in error in this court.

The jurisdiction of the Court of Appeals is defined by Section 6, Article IV of the Constitution, which took effect January 1, 1913. This section provides: "The courts of appeals shall have original jurisdiction in quo warranto * * * and appellate jurisdiction in the trial of chancery cases, and, to review, affirm, modify or reverse the judgments of the courts of common pleas, superior courts and other courts of record within the district as may be provided by law * * *."

Has the Court of Appeals jurisdiction to review a judgment direct from the mayor of the village of Yellow Springs?

It will not be helpful to review the decisions rendered prior to the taking effect of our present Constitution, viz. January 1, 1913. This section defines the present jurisdiction of the Court of Appeals.

Is the mayor's court of the village of Yellow Springs a court of record? If it is, then this court has jurisdiction to directly review a judgment of such mayor's court. If it is not a court of record, then this court is without jurisdiction to directly review a judgment of such court.

It is suggested that this court has held that it has jurisdiction to directly review the judgments of certain municipal courts. We think it sufficient to say that the statute creating certain municipal courts contains a provision to the effect that such courts are courts of record.

Counsel for plaintiff in error cites and discusses in his brief, among other authorities, the decision of the Supreme Court in the case of *Heininger* v. *Davis, Mayor,* 96 Ohio St., 205, 117 N. E., 229. The decision in that case was rendered by Judge Donahue, and contains a very full and exhaustive review of the authorities defining what does, and what does not, constitute a court of record. That case also involved a violation of the liquor laws. The syllabus is as follows:

"1. The Constitution of the state vests in the Courts of Appeals jurisdiction to review, affirm, modify or reverse the judgment of a mayor of a municipal corporation, in the exercise of the judicial power conferred upon mayors of municipalities by Section 6152, General Code of Ohio.

"2. Section 6164, General Code, is a valid and constitutional exercise of the power of the General Assembly to provide by law the procedure to invoke the jurisdiction in error conferred by the Constitution of Ohio upon Courts of Appeals."

This decision of Judge Donahue was concurred in by all of the then judges of the Supreme Court of Ohio. Under this decision the Court of Appeals would clearly have the right to review a judgment of the mayor of the village of Yellow Springs.

Since the rendition of the above decision, the Supreme Court of Ohio, in the case of *State of Ohio* v. *Allen,* 117 Ohio St., 470, 159 N. E., 591, through Chief Justice Marshall, has handed down a decision which, in our opinion, overrules the decision in the above-mentioned case. The syllabus in the *Allen case* is as follows:

"1. A justice of the peace is not a court of record.

"2. Section 6 of Article IV of the Constitution as amended and effective January 1, 1913, does not confer jurisdiction upon the Court of Appeals to entertain an error proceeding direct from a justice of the peace."

The *Allen case* likewise involves a violation of the liquor laws. Judge Marshall, in rendering this opinion, reviews the former Ohio decisions upon this general subject, many of the decisions of the United States Supreme Court, and various decisions from sister states. The court states that the decision in the case of *State* v. *Allen,* conflicts with certain decisions theretofore announced by the Supreme Court.

Without quoting at length from the reasoning of Judge Marshall as found in this decision, we think it sufficient to call attention to the statements found on page 480 of the opinion in 117 Ohio State, 159 N. E., 591, 593: "This conclusion necessarily results in inferentially overruling the case of *Heininger* v. *Davis, Mayor,* 96 Ohio St., 205, 117 N. E., 229, because the jurisdiction of a mayor is defined to be that of a justice of the peace, and in all essential respects similar provisions are made for conducting judicial proceedings before a mayor. If a justice of the peace is not a court of record within the purview of Section 6 of Article IV, error could not be prosecuted directly to the Court of Appeals, and the Court of Appeals therefore acquired no jurisdiction to hear and determine these error proceedings."

The jurisdiction of a mayor in villages is defined by Section 4535, General Code, as follows: "In villages, the mayor shall have final jurisdiction to hear and determine any prosecution for the violation of

an ordinance of the corporation unless imprisonment is prescribed as part of the punishment, and in keeping his dockets and files, he shall be governed by the laws pertaining to justices of the peace."

From the reasoning of the Supreme Court in the case of *State* v. *Allen, supra,* which decision was concurred in by all of the present members of the Supreme Court, we are of opinion that such decision is conclusive upon this court to the effect that a mayor's court is not a court of record, and that this court would, therefore, be without jurisdiction to review a judgment direct from such mayor's court. Entertaining such view, it remains only for this court to deny the motion of plaintiff in error for leave to file a petition in error, upon the ground that the court is without jurisdiction to hear and determine the same.

*Motion denied.*

ALLREAD and HORNBECK, JJ., concur.