## 23022. DEKALB COUNTY v. DEASON.

MOBLEY, Justice. The Court of Appeals certified to this court the following question: "Is the Civil and Criminal Court of DeKalb County, as created by the Act approved February 14, 1951 (Ga. L. 1951, p. 2401 et seq.), and Acts amendatory thereof, a court of record within the meaning of that term as used in Section 9 of the Act approved March 17, 1959 (Ga. L. 1959, p. 234; *Code Ann.* § 110-1209), authorizing the granting of summary judgments, so as to be authorized thereby to grant a summary judgment in a case pending therein, where such court does not maintain a writ docket; does not record its judgments in any permanent record books; does not keep any minutes of the court's actions, but does enter its orders and judgments upon, or file them with, the proceedings in each case, and does keep a docket upon which entries are made as to the filing of suits, answers, demurrers, motions, pleas, the amounts of judgments, and costs, but upon which neither the judgments themselves nor any of the contents of the pleadings are entered, and which court has the power to impose upon criminal defendants fines and imprisonment in misdemeanor cases?"

Neither the Constitution nor statutes of this State define courts of record. The courts are therefore remitted to the principles of the common law to determine what is a court of record. Most of the courts of this country, including Georgia, *Plant-*

*ers' & Mechanics' Bank v. Chipley* (Ga. Dec. pt. 1, 50), in determining what is a court of record have applied Blackstone's definition, to wit: "A court of record is that where the acts and judicial proceedings are enrolled in parchment for a perpetual memorial and testimony, which rolls are called the records of the court, and are of such high and supereminent authority that their truth is not to be called in question." 3 Blackstone's Commentaries, pp. 23, 24.

The question as to what is a court of record has been decided in only one reported Georgia case. *Planters' & Mechanics' Bank v. Chipley,* supra. This was an opinion by the Superior Court of Muscogee County rendered in 1842. That court's treatment of the question is rather exhaustive and well-reasoned. In arriving at the conclusion that a justice of peace court is not a court of record, it considered the history of English courts along with pertinent excerpts from such noted English authorities as Blackstone, Coke, and Bracton. This case and others since then make it apparent that no clearly-defined rule of thumb exists for determining whether a court is or is not a court of record. See 20 Am.Jur.2d 405, Courts, § 26. The presence of the following characteristics has been considered as indicative that a particular court is a court of record: (1) the court has power to fine and imprison; (2) the court exercises its functions independently of the person of the magistrate; (3) the court proceeds according to the course of the common law; (4) the court has a seal; (5) the acts and judicial proceedings are enrolled in parchment for a perpetual memorial and testimony, which rolls are called the record of the court and are of such high and supereminent authority that their truth is not to be called in question (i.e. Blackstone's definition).

It is generally accepted that the one essential feature necessary to constitute a court of record is that a permanent record of the proceedings of the court must be made and kept. A definition of such record generally accepted is that it is a precise history of a suit from its commencement to its termination, including conclusions of law thereon drawn by the proper officer for the purpose of perpetuating the exact state of facts. State v. Allen, 117 Ohio St. 470 (159 NE 591) and cases cited. See also Page v. Turcott, 179 Tenn. 491 (10) (167 SW2d 350) and Naro v. State, 212 Ala. 5 (101 S 666)

where the Supreme Court of Alabama said of itself: "This is a court of record, wherein the acts and proceedings of the court are enrolled as for a perpetual memorial, and . . . such courts 'speak only through their records.'"

The Supreme Court of Tennessee in Chrisman v. Metropolitan Life Ins. Co., 178 Tenn. 321, 326 (157 SW2d 831) in holding that a justice of peace court is not a court of record stated: "When the minutes of a court of record are signed by a judge they become the highest evidence of what was done in court and, so far as they are records of judicial proceedings, they import absolute verity, and are conclusive unless attacked for fraud."

The General Assembly of Georgia apparently recognized that a court of record must enroll in permanent records its proceedings when it required the clerk of the superior courts "2. to attend all sessions of the court and keep fair and regular minutes of their proceedings from day to day, including a transcript of the judge's entry on his dockets. . ." *Code* § 24-2714 (Ga. L. 1799, Cobb, 573 as amended) and by *Code* § 24-2715 (Ga. L. 1880-81, p. 93 as amended) "1. To record in well-bound books, within six months after the final determination of any civil suit, all the proceedings relating thereto," and "2. Every clerk of the superior or city courts must record immediately in his book of final records every part of the pleadings in every case; all garnishments, affidavits, bonds, and answers thereto; all attachment affidavits, bonds, and writs of attachment; all claim affidavits and bonds, and all bonds given in any judicial proceeding; and no clerk shall allow any of such papers to be taken from his office before recording them as herein required; and such record shall be a part of the final record of the papers required by law to be made, or all such record, as the case may be."

The Clerk of the Supreme Court is required "3. To keep in well-bound books fair and regular minutes of the Court's proceedings, a record of its judicial acts, a docket of its causes, and such other books as said Court may require him to keep." *Code* § 24-4103 (Ga. L. 1845, Cobb, 451, as amended).

The Clerk of the Court of Appeals is required by the rules of that court to keep minutes of the proceedings of the court. *Code Ann.* § 24-3638.

In making the Summary Judgment Act applicable only in courts

240

of record, *Code Ann.* § 110-1209 (Ga. L. 1959, p. 234, Sec. 9), the General Assembly did not include the Civil and Criminal Court of DeKalb County which court is not required to enroll nor does it enroll for permanent memorial its acts and proceedings. Thus, it is not a court of record within the meaning of *Code Ann.* § 110-1209. The answer to the question is "No." *Question answered in the negative. All the Justices concur.*

SUBMITTED JULY 13, 1965—DECIDED SEPTEMBER 9, 1965.

*George P. Dillard, Herbert O. Edwards, Robert C. Mozley,* for plaintiff in error.

*E. T. Hendon, Jr.,* contra.