### 26273. CROSBY v. DIXIE METAL COMPANY.

HAWES, Justice. The Court of Appeals certified to this court the following question, a determination of which is necessary for dicision of the case before it: "Section 13 of the Act approved March 3, 1955 (Ga. L. 1955, pp. 2552, 2558) establishing the Civil Court of Bibb County provides: 'Be it further enacted by the authority aforesaid, that said Civil Court of Bibb County shall be a court of record, and shall have a seal, and the minutes, records and other books and files that are required by law to be kept for the superior court shall in the same manner, so far as the jurisdiction of said Civil Court of Bibb County may render necessary, be kept in and for said Civil Court of Bibb County; *provided that the Clerk of said Civil Court of Bibb County shall not be required to keep a book of final records,* but

shall see that the records are preserved in suitable files with all original papers in each case, which shall not be removed from said clerk's office except upon order of the Judge of said Civil Court of Bibb County upon good cause shown and then only upon receipt of counsel and such removal from the clerk's office shall not continue for a longer period than five days.' [Emphasis supplied.]

"Does Section 13 of the aforesaid Act make the Civil Court of Bibb County a court of record within the meaning of Section 1 of the Georgia Civil Practice Act (Ga. L. 1966, pp. 609, 610)? See, in this connection, *DeKalb County v. Deason*, 221 Ga. 237 (144 SE2d 446)."

A careful reading of the case of *DeKalb County v. Deason*, 221 Ga. 237 (144 SE2d 446) reveals "that the one essential feature necessary to constitute a court of record is that a permanent record of the proceedings of the court must be made and kept. A definition of such record generally accepted is that it is a precise history of a suit from its commencement to its termination, including conclusions of law thereon drawn by the proper officer for the purpose of perpetuating the exact state of facts." In that case this court held that the Civil and Criminal Court of DeKalb County was not a court of record because it was not required by the Acts creating it to enroll its acts and proceedings in a permanent memorial, nor did it do so. In that case, Justice Mobley, speaking for this court, did not undertake to define precisely what sort of record would constitute such a "permanent memorial" as would satisfy that requirement. Impliedly, at least, it was said that the requirement embodied in *Code Ann.* § 24-2715 (2) requiring the clerks of the superior courts to record immediately in a book of final record every part of the pleadings in every case, etc., would satisfy this requirement. At that time (that is, in 1965) a reading of *Code Ann.* § 24-2715 would seem to have indicated that it was the intention of the legislature that such a permanent record was to be kept "in well bound books," and this is undoubtedly the kind of record the court had in mind, based on the provisions of the Code respecting superior courts and based on the common law definition of courts of record referred to in that case.

However, as was pointed out in the opinion in that case, there was no constitutional provision defining courts of record, nor was there any statute generally defining such courts. There is no such constitutional or statutory provision today. However, by the Act approved April 8, 1968 (Ga. L. 1968, pp. 1117, 1118) the legislature amended Par. 1 of *Code* § 24-2715 by adding thereto a provision permitting the clerks of superior courts in lieu of recording in well bound books to record proceedings of such courts on microfilm subject only to the condition that they provide a machine for reading and reproducing such micro-filmed records. It is inconceivable to this court that it was the intention of the legislature, in so providing, to destroy the char-acter of the superior courts of this State as courts of record. The important thing in making such a record of the acts and doings of a court of record is the permanency of such record, and not the substance upon which such record is kept. In lay-ing down such court-made rules as this one defining "courts of record" we must not be blind to technological progress. Indeed, the history of the courts of this State shows that they have not disregarded such progress, for today the almost universal me-dium upon which court proceedings are recorded is paper and not parchment, though a rigid adherence to the Blackstonian definition of "courts of record" would require the continued use for such purposes of "sheepskins dressed for writing." Black's Law Dict., 4th Ed., p. 1268. We, therefore, hold that the Gen-eral Assembly, in its infinite wisdom, has the authority to provide that such records as are required to be kept by courts of record may be kept in any reasonable form so long as the form adopted appears to be reasonably calculated to be one which lends itself to permanency. We are not prepared to say that the microfilming of such records and the retention of the microfilm in permanent files by the clerk does not meet such requirement. •

Having thus recognized the power and authority of the General Assembly to declare what kinds of records need to be kept by the clerks of the superior courts to constitute them courts of record we move to a consideration of the 1955 Act creating the Civil Court of Bibb County. Section 13 of that Act as quoted in the question propounded by the Court of Appeals declares that

the Civil Court of Bibb County shall be a court of record. Upon what authority can this court say that the General Assembly does not have power to declare the Civil Court of Bibb County to be a court of record? We find no constitutional inhibition against such a declaration, and we hold the legislature may declare what courts it deems to be courts of record (see State v. Allen, 117 Ohio St. 470 (159 NE 591)), and provide what records such court shall keep so long as such records appear reasonably calculated to preserve as a perpetual memorial the acts and judicial proceedings of such courts including a precise history of suits brought therein from their commencement to their termination including conclusions of law thereon drawn by the proper officer. *DeKalb County v. Deason,* 221 Ga. 238, supra. At the time of the decision by this court in *DeKalb County v. Deason,* supra, there was no declaration by the legislature that the court there involved, the Civil and Criminal Court of DeKalb County, was a court of record, and, therefore, that decision was correct as the law stood at the time it was rendered.

With respect to the Civil Court of Bibb County, the legislature had enacted ten years earlier the Act, the provisions of Sec. 13 of which are the subject matter of the question certified by the Court of Appeals in this case. By that Act, the legislature not only declared that the Civil Court of Bibb County shall be a court of record, that it would have a seal, that it would keep minutes and such records and other books and files as those required by law to be kept by the superior court, insofar as the jurisdiction of that court might render it necessary. One exception to the record keeping requirements of the superior court permitted the Clerk of the Civil Court of Bibb County was that in lieu of a book of final records the clerk was permitted to preserve in suitable file all the original papers in each case together with the records of the proceedings. The question propounded by the Court of Appeals did not allude to the Act approved March 10, 1964 (Ga. L. 1964, p. 2688, et seq.) amending the 1955 Act and adding thereto a Sec. 13 (a) permitting the clerk to record on microfilm all original papers in each case filed with the clerk and to thereafter destroy all such original papers. That Act also added a new Sec. 13 (b) requiring the

clerk to provide adequate equipment for viewing such records as shall be maintained on microfilm. We think that, under the principles announced above, the Act creating the Civil Court of Bibb County establishes it as a court of record, and we hold that said court is a court of record within the meaning of that term as used in the Civil Practice Act.

*Question answered in the affirmative. All the Justices concur.* SUBMITTED JANUARY 11, 1971—DECIDED MAY 6, 1971.

*Harry F. Thompson,* for appellant.

*E. Gantt Williams,* for appellee.

*Sell, Comer & Popper, E. S. Sell, Jr.,* for party at interest not party to record.