## A94A2237. BOWEN v. BALL.
(451 SE2d 502)

BLACKBURN, Judge.

Arnold Bowen, defendant in the underlying action,[1] appeals the trial court's order dismissing as untimely his notice of appeal from

---

[1] William G. Herring d/b/a A Acme DeKalb Sewer Service was also a defendant in the underlying action; however, he is not a party on appeal.

the judgment of the magistrate court. On September 29, 1993, the Rockdale County Magistrate Court entered an order granting judgment for appellee Chester Ball, plaintiff therein. On October 18, 1993, Bowen filed a motion for new trial, which was denied by the magistrate court on October 22, 1993. Bowen filed his motion to appeal to Rockdale County State Court on November 16, 1993. Thereafter, Rockdale County State Court granted Ball's motion to dismiss Bowen's appeal as untimely.

OCGA § 15-10-41 (b) (1) provides that "appeals may be had from judgments returned in the magistrate court to the state court of the county . . . and the same provisions now provided for by general law for appeals contained in Article 2 of Chapter 3 of Title 5 shall be applicable." OCGA § 5-3-20 (a) provides that "[a]ppeals . . . shall be filed within 30 days of the date the judgment . . . complained of was entered."

Whether a motion for new trial in magistrate court extends the time limits set forth above has not before been decided. Initially, we must consider whether a magistrate court has the authority to grant new trials. Magistrate courts are courts of limited jurisdiction and, therefore, possess only those powers specifically conferred upon them by statute. OCGA § 5-5-1 expressly provides that "[t]he superior, state, and city courts shall have power to correct errors and grant new trials in cases or collateral issues in any of the respective courts in such manner and under such rules as they may establish according to law and the usages and customs of courts." This Code section fails to empower magistrate courts with the authority to grant new trials. Article VI, Section I, Paragraph IV, of the Georgia Constitution provides that "courts of record may grant new trials on legal grounds."

In *DeKalb County v. Deason*, 221 Ga. 237, 238 (144 SE2d 446) (1965), the Georgia Supreme Court found "[t]he presence of the following characteristics has been considered as indicative that a particular court is a court of record: (1) the court has power to fine and imprison; (2) the court exercises its functions independently of the person of the magistrate; (3) the court proceeds according to the course of the common law; (4) the court has a seal; (5) the acts and judicial proceedings are enrolled in parchment for a perpetual memorial and testimony, which rolls are called the record of the court and are of such high and supereminent authority that their truth is not to be called in question."

The Supreme Court went on to find that "[i]t is generally accepted that the one essential feature necessary to constitute a court of record is that a permanent record of the proceedings of the court must be made and kept. A definition of such record generally accepted is that it is a precise history of a suit from its commencement to its termination, including conclusions of law thereon drawn by the

proper officer for the purpose of perpetuating the exact state of facts. [Cits.]" Id. See also *Crosby v. Dixie Metal Co.*, 227 Ga. 541, 542 (181 SE2d 823) (1971).

In *Crosby*, the Court implied the mandates of OCGA § 15-6-61 satisfied the permanent record requirement discussed in *Deason*, supra. 227 Ga. at 542. OCGA § 15-6-61 sets forth the duties of the clerks of superior courts. OCGA § 15-10-105.1 sets forth the duties of the clerks of magistrate courts. Magistrate courts are not required to keep the type of permanent records required in order to be considered a court of record and are not therefore, so considered.

Magistrate courts do not have the power to grant new trials and a motion for new trial would not toll the time for filing an appeal to state or superior court. See *In the Interest of M. A. L.*, 202 Ga. App. 768, 769 (415 SE2d 649) (1992). As Bowen's appeal was filed 48 days from the magistrate court's order, the trial court correctly dismissed it as untimely.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 30, 1994 —
RECONSIDERATION DENIED DECEMBER 14, 1994 — ■■■■■■

Arnold Bowen, *pro se.*
Smith, Currie & Hancock, M. Craig Hall, Daniel M. Shea, for appellee.