A97A1032. STYLE CRAFT HOMES, INC. et al. v. CHAPMAN et al.
(487 SE2d 32)

ELDRIDGE, Judge.

Appellant Style Craft Homes, Inc. ("Style Craft"), a general contractor, sued appellees George W. Chapman and Lessie M. Chapman as the homebuyers of a house built by Style Craft; appellees answered, counterclaimed, and filed a third-party action against appellant George Budwick, a principal in Style Craft. The jury trial on all issues resulted in a verdict in favor of appellees and against appellants not only on the complaint but also on the counterclaim and third-party action on December 14, 1994; judgment was entered on December 27, 1994.

On January 27, 1995, appellants filed a motion for a new trial; attached to the motion was a blank rule nisi order which had neither the judge's signature nor a set hearing date. On February 17, 1995, appellants ordered the trial transcript. On May 19, 1995, the transcript was completed but not filed with the clerk. Appellants did not pay the court reporter for preparing the transcripts until July 24, 1995, when the court reporter filed the transcript with the clerk.

On June 30, 1995, appellees moved to dismiss the motion for new trial for failure to comply with OCGA § 5-5-44, in that no rule nisi order was obtained, no hearing scheduled, and no transcript filed. On August 28, 1995, appellants, for the first time, obtained a rule nisi order setting a hearing on the motion for new trial on October 2, 1995. On November 30, 1995, the trial court entered an order dismissing the motion for new trial. On December 27, 1995, appellants filed their notice of appeal from such order, instructing the clerk to omit nothing from the record. The record contained sealed depositions, which apparently had not been used at trial or on any motion because the depositions remained sealed; the clerk made repeated requests of appellants to obtain an order of the court so that the depositions could be opened and copied; appellants did not act. To stop further delay, appellees obtained a court order authorizing the depo-

sitions to be unsealed and copied as part of the record in order to complete the appellate record.

After completing the record, the clerk prepared a statement of costs for the appeal record and mailed the preparation cost bill to appellants' counsel; appellants' counsel received the cost bill for preparation of the record on April 30, 1996.

Appellants failed to pay the cost bill, and appellees moved, on June 3, 1996, to dismiss the notice of appeal. On June 28, 1996, the appellants still had not paid the cost bill at the time the motion to dismiss the notice of appeal was heard by the trial court. On July 10, 1996, the trial court entered an order granting the motion to dismiss the notice of appeal for unreasonable and inexcusable delay. On July 18, 1996, appellants filed a notice of appeal from the order of July 10, 1996, dismissing the prior notice of appeal.

Appellees' motion to dismiss the appeal is denied. Appellants have made a motion for the award of attorney fees and expenses of litigation under OCGA § 9-15-14 based on appellees' motion to dismiss the appeal.

When the General Assembly passed Ga. L. 1986, p. 1591, § 1; 1987, p. 397, § 1; 1989, p. 437, § 1 (OCGA § 9-15-14), this statute was made applicable only to "court[s] of record of this state." Such limitation is jurisdictional and excludes subject matter jurisdiction from any non-court of record to impose costs of litigation under OCGA § 9-15-14. This Court has held that this is not a court of record. *Ovestco Corp. v. Bowen*, 216 Ga. App. 121, 123 (453 SE2d 94) (1995). The appellate courts of Georgia have some of the characteristics of a court of record in that the courts have seals; the acts and judicial decisions and opinions are enrolled for perpetual memorial, but the judicial proceedings are not recorded by transcript; the appellate courts have the power to impose fine or imprisonment for contempt only as an inherent power of a court; the appellate courts function independently from the judges; the appellate courts are creatures of the constitution and statute and are not common law in origin; thus, the appellate courts are courts to correct errors of law, lack original jurisdiction, and are not "courts of record" as a trial court is a common law court and has original jurisdiction. *DeKalb County v. Deason*, 221 Ga. 237, 238 (144 SE2d 446) (1965); *Bowen v. Ball*, 215 Ga. App. 640, 641-642 (451 SE2d 502) (1994); see also *Planters' & Mechanics' Bank v. Chipley* (Ga. Dec. pt. 1, 50) (1842). The clear intent of the General Assembly was that appellate courts not come within the ambit of OCGA § 9-15-14. The motion is denied.

Appellants in their statement of fact and in enumerations of error 1 and 2 seek to raise issues outside the notice of appeal. The only issue properly before the Court for consideration is whether or not the trial court committed error in dismissing the appellants'

notice of appeal on July 10, 1996. We cannot agree with appellants that the trial court abused its discretion in dismissing the notice of appeal for failure to timely pay costs under OCGA § 5-6-48 (c), thereby causing a delay in filing the record with the appellate court.

The trial court found "on July 28, 1996, said costs remain unpaid" and further found "that there has been an unreasonable delay in the transmission of the record to the appellate court, and the delay is inexcusable and has been caused by the failure of the Plaintiff and Third-Party Defendant to pay costs in the trial court."

The trial court held a hearing as to the delay in paying costs of the record under OCGA § 5-6-48 (c) and found that the delay was (1) unreasonable, (2) inexcusable, and (3) caused by appellants, which authorized the dismissal of the notice of appeal. *Ledee v. Kissiah*, 215 Ga. App. 850, 851 (452 SE2d 558) (1994); *Leonard v. Ognio*, 201 Ga. App. 260 (410 SE2d 814) (1991); *Bouldin v. Parker*, 173 Ga. App. 526, 527 (1) (327 SE2d 760) (1985); *Williford v. Gen. Ins. Co. of America*, 119 Ga. App. 1 (165 SE2d 924) (1969). Whether or not to dismiss a notice of appeal for delay in paying costs rests in the sound discretion of the trial court when the grounds to dismiss have been met. *Brookshire v. J. P. Stevens Co.*, 133 Ga. App. 97, 100 (1) (210 SE2d 46) (1974). Where the clerk by affidavit states the date when the cost bill was sent, how it was sent, and that counsel for appellants received the cost bill, this creates a rebuttable presumption that the cost bill was delivered to counsel and creates a duty on appellants to show that the failure to pay was not a wilful refusal. *Crenshaw v. Ga. Underwriting Assn.*, 202 Ga. App. 610 (414 SE2d 915) (1992). At the hearing, appellants failed to give any reason for the failure to pay. We find no abuse of the trial court's discretion.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED MAY 6, 1997 —
RECONSIDERATION DENIED JUNE 3, 1997.

Before Judge Fleming.

*Samuel W. Cruse*, for appellants.

*Dunstan, Dunstan & Cleary, James R. Dunstan, Gail D. Stebbins*, for appellees.