## A98A0043, A98A0044. CITY OF LAWRENCEVILLE v. DAVIS; and vice versa.

### (502 SE2d 794)

RUFFIN, Judge.

On March 28, 1996, the Municipal Court of Lawrenceville convicted Clifford Davis of driving under the influence of alcohol. Davis appealed to the superior court, and the City of Lawrenceville (the "City") moved to dismiss the appeal.[1] The superior court subsequently denied the City's motion to dismiss and ultimately reversed Davis' conviction based on the sufficiency of the evidence. In Case No. A98A0043, we granted the City a discretionary appeal to review the superior court's order denying its motion to dismiss. In Case No. A98A0044, Davis cross-appealed asserting that notwithstanding the superior court's reversal of his conviction, it erred in finding that there was sufficient evidence of venue. For reasons which follow, we reverse the superior court's order denying the City's motion to dismiss and therefore find it unnecessary to address Davis' cross-appeal.

---

[1] From the commencement of this case, the prosecuting party has been designated as the "City of Lawrenceville." Inasmuch as the issue has not been raised, we do not address whether the prosecuting party should properly be designated as the "City of Lawrenceville" or "The State."

2

1. The record shows that after he was convicted, Davis filed a motion for new trial in the municipal court. On November 7, 1996, the municipal court denied Davis' motion, and on December 6, 1996, he appealed his conviction to the Superior Court of Gwinnett County pursuant to OCGA § 40-13-28. The City moved the superior court to dismiss the appeal on the ground that it was filed more than 30 days after the date the municipal court entered the judgment of conviction. See OCGA § 5-3-20 (a). The City argued that because the municipal court did not have jurisdiction to consider Davis' motion for new trial, the motion did not toll the 30-day time limit for filing appeals. In ruling on the City's motion to dismiss, the superior court found that the municipal court had authority to consider Davis' motion for new trial, and because he appealed within 30 days of the denial of that motion, his appeal was timely. We disagree.

OCGA § 5-3-20 (a) requires that "[a]ppeals to the superior court shall be filed within 30 days of the date the judgment, order, or decision complained of was entered." Although, as a general rule, a motion for new trial will extend the time for filing the appeal, the extension is predicated on the requirement that the trial court has jurisdiction to grant the motion for new trial. See *Wright v. Rhodes,* 198 Ga. App. 269 (401 SE2d 35) (1991); *Bowen v. Ball,* 215 Ga. App. 640 (451 SE2d 502) (1994). If a trial court is not so authorized, then the motion for new trial will not toll the 30-day time period in which an appeal must be filed. Id.

OCGA § 5-5-1 expressly authorizes certain courts to grant motions for new trial. OCGA § 5-5-1 (a) provides that "[t]he superior, state, and city courts shall have power to correct errors and grant new trials in cases. . . ." Similarly, OCGA § 5-5-1 (b) authorizes probate courts to grant new trials in civil cases provided for by Article 6 of Chapter 9 of Title 15. However, this is not the exclusive list of courts which may grant new trials. "Art. VI, Sec. I, Par. IV of the Georgia Constitution of 1983 provides, in pertinent part: 'each superior court, state court, and *other courts of record* may grant new trials on legal grounds.' " (Emphasis in original.) *In the Interest of T. A. W.,* 265 Ga. 106, 107 (454 SE2d 134) (1995). Thus, in *T. A. W.* the Court held that although a juvenile court is not authorized to grant new trials by OCGA § 5-5-1, because it is a court of record it nevertheless has such power. Id. (citing OCGA § 15-11-65 (b) designating juvenile courts as courts of record).

In this case, the superior court found that the municipal court was authorized to consider Davis' motion for new trial because (a) the Municipal Court of Lawrenceville is a city court which is expressly authorized to grant new trials by OCGA § 5-5-1, and (b) even if the

Municipal Court of Lawrenceville is not a city court, it is a court of record. We disagree with both findings.

(a) The Municipal Court of Lawrenceville is not a city court. In reviewing the applicable legislation to determine whether the municipal court is a city court, we must "look diligently for the intention of the General Assembly. . . ." OCGA § 1-3-1 (a). The enabling legislation permitting the establishment of municipal courts is found under OCGA § 36-32-1 (a), which provides that "[e]ach municipal corporation of this state shall, unless otherwise provided in the local law relating to a particular municipal corporation, be authorized to establish and maintain a municipal court having jurisdiction over the violation of municipal ordinances and over such other matters as are by general law made subject to the jurisdiction of municipal courts. Any such court shall be styled as a municipal court." Under OCGA § 36-32-1 (a), if a court of a municipal corporation is titled as, inter alia, a recorder's court, then such court is a municipal court.

In contrast to municipal courts, city courts are limited to cities having a population of at least 300,000 people, are created by special act of the General Assembly and are specifically designated as courts of record. OCGA § 15-8-1; Ga. L. 1967, p. 3360, § 1 (in effect at the time of Davis' municipal court trial); see also Ga. L. 1996, p. 627, § 1 (effective July 1, 1996). Furthermore, while OCGA § 36-32-1 (a) requires municipal courts to be styled as "municipal courts," legislation creating city courts specifically requires such courts to be denominated "as the city court of such city." See Ga. L. 1967, p. 3360, § 1; see also Ga. L. 1996, p. 627, § 1. The jurisdiction of city courts is generally limited to state law and local ordinance traffic offenses, and they were created to alleviate the burden of enforcing such laws in densely populated cities. Ga. L. 1967, p. 3360, § 2 (a); Ga. L. 1996, p. 627, § 2. Finally, in contrast to municipal courts, which are courts of the municipalities in which they are located, the legislature created city courts as part of the state court system. See OCGA § 36-32-1 (a); Ga. L. 1996, p. 627, preamble; Ga. L. 1967, p. 3360, preamble; see also editorial note to Code 1933, § 24-2204 (discussing history of city courts).

The Municipal Court of Lawrenceville was established as part of the charter for the City of Lawrenceville (the "Charter"). See Ga. L. 1986, p. 4961, § 4.10. Under the Charter, adopted in 1986, the court is titled the "Recorder's Court of the City of Lawrenceville." See id. Pursuant to OCGA § 36-32-1 (a), the court is therefore a municipal court. There is absolutely no provision in the Charter and we are aware of no special acts which designate that court as a city court. Furthermore, unlike OCGA § 5-5-1 (a), which expressly authorizes city courts to grant new trials, there is nothing in the Charter's municipal court jurisdictional provisions which afford that court the

same authority. See Ga. L. 1986, p. 4961, § 4.13. Under these circumstances, we conclude that the superior court erred in finding that the Municipal Court of Lawrenceville is a city court with the power to grant new trials.

(b) We similarly find that the Municipal Court of Lawrenceville is not a court of record which would be authorized to grant new trials. In *DeKalb County v. Deason*, 221 Ga. 237 (144 SE2d 446) (1965), the Supreme Court of Georgia reviewed authorities from various jurisdictions to determine what constitutes a court of record. The Court found the following characteristics "indicative that a particular court is a court of record: (1) the court has power to fine and imprison; (2) the court exercises its functions independently of the person of the magistrate; (3) the court proceeds according to the course of the common law; (4) the court has a seal; (5) the acts and judicial proceedings are enrolled in parchment for a perpetual memorial and testimony, which rolls are called the record of the court and are of such high and supereminent authority that their truth is not to be called in question[.]" Id. at 238. With regard to the last characteristic, the Court observed: "It is generally accepted that the one essential feature necessary to constitute a court of record is that a permanent record of the proceedings of the court must be made and kept. A definition of such record generally accepted is that it is a precise history of a suit from its commencement to its termination, including conclusions of law thereon drawn by the proper officer for the purpose of perpetuating the exact state of facts. [Cits.]" Id.

In *Bowen*, supra, we looked to these characteristics in determining whether the Rockdale County Magistrate Court was a court of record that could grant motions for new trial. Relying on *Crosby v. Dixie Metal Co.*, 227 Ga. 541 (181 SE2d 823) (1971), we found that the mandates of OCGA § 15-6-61, which sets forth the record-keeping duties of the superior court clerks, satisfied the permanent record requirement discussed in *Deason*, supra. *Bowen*, supra at 642. Upon finding that magistrate courts are not required to keep the type of records mandated by OCGA § 15-6-61, we concluded that the magistrate court was not a court of record. Id.

We similarly conclude that the Municipal Court of Lawrenceville is not a court of record. Unlike superior courts and other courts of record, the City's Charter does not require the municipal court to keep any records, much less the detailed and permanent records provided for under OCGA § 15-6-61. See Ga. L. 1986, p. 4961, §§ 4.10-4.15. Compare Ga. L. 1983, p. 4444, § 24 (establishing the Municipal Court of Columbus and Muscogee County as a court of record). Finally, although the superior court found in its order that the Municipal Court of Lawrenceville is required to keep permanent records, the superior court cited no applicable authority to support

its finding. In the absence of any such authority, the superior court's finding is erroneous. Accordingly, we conclude that the Municipal Court of Lawrenceville is not a court of record and was therefore not authorized to consider Davis' motion for new trial. See *Bowen*, supra.

Under these circumstances, Davis' motion for new trial did not toll the time in which he was required to appeal the municipal court's judgment. Because the appeal was not filed timely, the superior court erred in denying the City's motion to dismiss. See id.

2. Our decision in Division 1 makes it unnecessary to consider the City's other enumerated error in Case No. A98A0043.

### *Case No. A98A0044*

3. Our decision in Case No. A98A0043 renders moot Davis' assertion regarding the sufficiency of evidence establishing venue.

*Judgment reversed in Case No. A98A0043. Case No. A98A0044 dismissed as moot. Pope, P. J., and Beasley, J., concur.*

DECIDED JUNE 17, 1998 — 

*Webb, Tanner & Powell, Steven A. Pickens*, for appellant.
*Charles A. Mullinax, James E. Howard*, for appellee.