CITY OF CLEVELAND, APPELLEE, *v.* GUNN, APPELLANT.

[Cite as City of Cleveland v. Gunn, 8 Ohio App. 2d 301.]

(No. 27906—Decided December 1, 1966.)

*Mr. Edward V. Cain,* for appellee.
*Mr. Russell T. Adrine,* for appellant.

SKEEL, J. This appeal comes to this court from a judgment of guilty of a misdemeanor entered upon the verdict of a jury

in the Cleveland Municipal Court. The defendant, appellant herein, was arrested and charged with the violation of Section 2909.21, Revised Code, that is, "trespassing upon lands or premises of another." The defendant, with others, went to the City Hall of Cleveland to protest the alleged action of the Chief of Police. The Mayor refused to see them until they followed procedure which he suggested. The record shows that, at the close of the business day upon which it is charged the defendant committed the trespass, defendant refused to leave the building as directed by one charged with the duty of closing the building.

The record shows that the jury returned its verdict of guilty on October 22, 1965. A motion for new trial was filed October 25, 1965. On January 28, 1966, the court overruled the motion for new trial and imposed sentence on the defendant. The transcript shows that the notice of appeal was filed February 19, 1966, twenty-two days after the entry of judgment and the overruling of the motion for new trial.

Section 1901.21, Revised Code, in dealing with criminal procedure in Municipal Courts, provides, in part:

"(A) In a criminal case or proceeding [in Municipal Court], the practice, procedure, and mode of bringing and conducting prosecutions for offenses, and of filing bills of exceptions, and the power of the court in relation thereto, are the same as those which are conferred upon police courts in municipal corporations. If no practice or procedure is provided for police courts, then the practice or procedure of mayors' courts shall apply. If no practice or procedure is provided for police courts or mayors' courts, then the practice or procedure of County Courts shall apply."

The Municipal Court is a magistrate's court in the exercise of its jurisdiction in a criminal case. Section 2931.01 (A), Revised Code.

Section 2953.05, Revised Code, provides, in part:

" * * * Appeals from judgments or final orders as above defined in magistrate courts shall be taken within ten days of such judgment or final order. * * *"

It is clear, therefore, that the notice of appeal was not filed within the time here provided, so that this court is without jurisdiction.

Attention should also be called to the fact that the bill of exceptions was filed out of rule. It was filed March 11, 1966. The motion for new trial was overruled January 28, 1966. The bill of exceptions was filed 32 days late, as provided by Section 1913.32, Revised Code, which, in part, states:

" * * * Such party [appellant] has ten days from the date of overruling the motion for a new trial, or ten days from the date on which the decision, judgment, or sentence of such County Court Judge, mayor, or police judge is entered, to reduce his exceptions to writing and present them to such County Court Judge, mayor, or police judge."

We are not unmindful of the fact that Section 1901.30, Revised Code, dealing with appeals from Municipal Courts, was amended effective November 1, 1965 (131 Ohio Laws 606), where it provides, in part:

"(A) Such appeals [from Municipal Courts] may be taken either to the Court of Common Pleas or to the Court of Appeals in accordance with Sections 2505.01 to 2505.39, inclusive, 2945.65 to 2945.70, inclusive, and 2953.02 to 2953.14, inclusive, of the Revised Code."

The amendment added to this section the following, "2945.-65 to 2945.70, inclusive * * * of the Revised Code." These sections deal with the time for filing a bill of exceptions (for the most part in felony cases)—30 days from the judgment or overruling of motion for new trial. Section 1901.30, Revised Code, is general in nature while Section 1901.21, Revised Code, is specific. It is for that reason that Section 1901.21, Revised Code, provides the rule for filing bills of exception in criminal cases in Municipal Court. But even if it were said that the thirty-day period provided for in Section 2945.65, Revised Code, since the amendment of Section 1901.30, applied, the bill of exceptions was not filed within 30 days of the judgment. Attention also should be called to the fact that this proceeding was pending when Section 1901.30, Revised Code, as amended, became effective. Section 1.20, Revised Code, would apply, which provides, in part:

"* * * When the repeal or amendment relates to the remedy, it does not affect pending actions, prosecutions, or proceedings unless so expressed, * * *."

That section is not mentioned in the amendment of Section 1901.30, Revised Code. The amendment, because of Section 1.20, Revised Code, could not have application to this proceeding.

See *Whittlesey* v. *United States*, District of Columbia Court of Appeals, July 5, 1966, 221 A. 2d 86 (rehearing denied August 9, 1966).

This appeal is dismissed for want of jurisdiction.

*Appeal dismissed.*

CORRIGAN, P. J., and WHITE, J., concur.