THE STATE OF OHIO, APPELLEE, *v.* HOLT, APPELLANT.

(No. 40250—Decided March 15, 1967.)

*Mr. Richard Wessel,* prosecuting attorney, and *Mr. John F. Holcomb,* for appellee.

*Messrs. Holbrock & Jonson* and *Mr. George N. Jonson,* for appellant.

TAFT, C. J. Defendant contends that the order of the Court of Appeals granting the motion to strike the bill of exceptions

is a final appealable order because, to use the applicable words of Section 2505.02, Revised Code, it is "an order affecting a substantial right in an action which in effect determines the action and prevents a judgment." In so contending, he takes the position that, without a bill of exceptions, there is nothing in the record that can support an appeal and hence the order granting the motion to strike the bill of exceptions affects his substantial right of appeal and prevents a judgment for defendant on that appeal. The state in effect took the same position when in the Court of Appeals, it filed a motion to dismiss the appeal and affirm the judgment of the Common Pleas Court on the ground "that the errors upon which this appeal is based could be exemplified only by the bill of exceptions."

In *Schindler* v. *Standard Oil Co.* (1956), 165 Ohio St. 76, 133 N. E. 2d 336, we held that where an "order * * * absolutely prevents" a judgment for the party prejudiced by the order and no right to amendment could avoid such an effect, it "is a final appealable order."

In our opinion, the order appealed from fits that description. Both parties contend that it will absolutely prevent a judgment for the defendant on his appeal, and defendant can do nothing to avoid the order having that effect.

If we should hold that there is no final appealable order because the Court of Appeals has not yet ruled on the state's motion for dismissal and affirmance, we would have to remand the cause to the Court of Appeals for a ruling on that motion. Then, because of its order striking the bill of exceptions, the Court of Appeals would have to grant that motion. Then, defendant could file another notice of appeal and we could take jurisdiction and decide the question raised on this appeal. We do not believe that any useful purpose would be served by requiring such procedural steps before our consideration of the question raised on this appeal.

Prior to an amendment in 1961, Section 2945.65, Revised Code, did not contain the portion thereof italicized in the above quotation from that statute.

Without the exception added by that amendment, harsh re-

sults were inevitable. See, for example, *State* v. *Edwards* (1952), 157 Ohio St. 175, at 182, 105 N. E. 2d 259.

Apparently, the legislative purpose was to provide a means of avoiding such harsh results. It is significant that in 1963, when providing comparable provisions in Section 2321.05, Revised Code, with respect to civil actions, the General Assembly used the following language:

"The trial court may, in the exercise of its discretion, upon motion filed within the time fixed for the filing of a bill of exceptions and for good cause shown, where circumstances beyond the control of the appellant prevent him from filing the bill of exceptions, extend the time within which a bill of exceptions must be filed."

Having not specified in Section 2945.65, Revised Code, as it did in Section 2321.05, Revised Code, that the motion must be filed within the time fixed for filing the bill of exceptions (on or before January 21 in the instant case), the General Assembly has indicated an intention that such motion in a criminal case may be filed after the time so fixed.

There is nothing in Section 2945.65, Revised Code, to indicate a legislative intention that the court might not extend the period for filing the bill of exceptions more than once. In our opinion, we do not believe any such limitation should be read into Section 2945.65, Revised Code. Section 2321.05, Revised Code, indicates that the General Assembly knew how to add limitations where it believed they should be added.

It follows that the trial court on February 23, 1966, could again "in its discretion, upon motion and for good cause shown, extend the period in which a bill of exceptions" could be filed. In substance, this is what it did by its order of that date. Hence, it is not necessary for us to consider whether it had authority to make that order *nunc pro tunc* to February 1.

The order granting an extension of time to February 20 in which to file a bill of exceptions expressly finds that "good cause" was "shown," and there is nothing in the record to indicate that the Common Pleas Court

abused its discretion in finding that such good cause had been shown.

The order of the Court of Appeals striking the bill of exceptions is reversed, and the cause is remanded to that court for further proceedings.

*Order reversed.*

ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.