CITY OF CINCINNATI, APPELLEE, *v.* NUNNELLEY, APPELLANT.

[Cite as Cincinnati v. Nunnelley, 20 Ohio App. 2d 163.]

(No. 10798—Decided June 2, 1969.)

*Mr. William A. McClain, Mr. Ralph E. Cors* and *Mr. Simon L. Leis,* for appellee.

*Mr. Peter W. Swenty,* for appellant.

SHANNON, P. J. This is an appeal on questions of law from an order of the Court of Common Pleas dismissing an appeal from a judgment of the Hamilton County Muniipal Court.

The defendant, appellant herein, was convicted on February 28, 1968, on charges of driving under the influence of alcohol, reckless driving and drunkenness. A motion for a new trial was overruled on February 29, 1968,

and a notice of appeal to the Court of Common Pleas was filed on March 8, 1968. On March 27, 1968, a judge of such court granted defendant thirty days in which to file his bill of exceptions, and the same was filed on April 19, 1968.

Thereafter, the plaintiff, appellee herein, moved to dismiss the appeal, and that motion was granted on the ground that the appeal had not been perfected in accordance with Sections 1913.31 and 1913.32, Revised Code. It is from such order of dismissal that this appeal is taken.

Basically, we are confronted with the question: Within what time must the bill of exceptions be filed in a criminal case appealed from a Municipal Court to a Court of Common Pleas? The corollary question under the facts before us is: Does the Court of Common Pleas have authority to extend the time for filing the bill of exceptions in such case?

Section 2931.01 (A), Revised Code, provides:

" 'Magistrate' includes County Court judges, police judges or justices, mayors of municipal corporation[s], and *judges of other courts inferior to the Court of Common Pleas.*" (Emphasis ours.)

The Municipal Court, therefore, is a magistrate's court in the exercise of its criminal jurisdiction. *Cleveland* v. *Gunn*, 8 Ohio App. 2d 301.

Section 1901.21, Revised Code, as pertinent here, provides:

" (A) In a criminal case or proceeding, the practice, procedure, and mode of bringing and conducting prosecutions for offenses, *and of filing bills of exceptions*, and the power of the court in relation thereto, are the same as those which are conferred upon police courts in municipal corporations. If no practice or procedure is provided for police courts, then the practice or procedure of mayors' courts shall apply. If no practice or procedure is provided for police courts or mayors' courts, then the practice or procedure of County Courts shall apply." (Emphasis ours.)

Perforce, the procedure to be followed is that applicable to County Courts.

Section 1913.32, Revised Code, states:

"The party objecting to the decision of a judge of a County Court, mayor, or police judge, as provided in Section 1913.31 of the Revised Code, must except at the time such decision is made. Such party has ten days from the date of overruling the motion for a new trial, or ten days from the date on which the decision, judgment, or sentence of such County Court judge, mayor, or police judge is entered, to reduce his exceptions to writing and present them to such County Court judge, mayor, or police judge."

It is apparent, then, that Section 1901.30 of our Code, which refers to Section 2945.65 of the Code, is not applicable to the appeal of criminal cases. Since we hold that it is inapplicable, we must also declare that the Court of Common Pleas is without authority to grant an extension of time within which to file the bill of exceptions.

In the case at bar, notice of appeal was filed within the time established by Section 2953.05, Revised Code:

" * * * Appeals from judgments or final orders * * * in magistrate courts shall be taken within ten days of such judgment or final order. * * * "

However, the time for filing the bill of exceptions began to run from the date of the overruling of appellant's motion for a new trial, to wit, February 29, 1968. Such bill of exceptions was not filed until fifty days later, that is, on April 19, 1968. In light of our holding here that the Court of Common Pleas has no power to extend the time for filing the bill of exceptions, it is obvious that the bill was filed out of time.

Where an authenticated bill of exceptions in a trial court is necessary to exemplify the facts which determined the issue presented there, its absence requires a reviewing court on appeal to dismiss the appeal or affirm the judgment of the court from which the appeal is taken. *Ford* v. *Ideal Aluminum, Inc.*, 7 Ohio St. 2d 9.

The order of the Court of Common Pleas of Hamilton County dismissing the appeal is affirmed.

*Judgment affirmed.*

HILDEBRANT and HESS, JJ., concur.