CITY OF CINCINNATI, APPELLEE, *v.* BROOKS, APPELLANT.[1]

---

[1]Judgment and decision vacated and set aside. See *Cincinnati* v. *Brooks*, 22 Ohio St. 2d (On Reconsideration).

74

*Mr. William A. McClain,* city solicitor, *Mr. Ralph E. Cors* and *Mr. Robert S. Holzman,* for appellee.

*Mr. Thomas E. Meister,* for appellant.

MATTHIAS, J. The sole issue before this court is whether a Municipal Court judge has the power to extend the time for filing a bill of exceptions in a criminal case.

Chapter 1901, Revised Code, contains provisions with respect to jurisdiction, procedure and appeal for municipal courts. Section 1901.21, Revised Code, found within that chapter, provides, in part, as follows:

"(A) *In a criminal case or proceeding, the practice, procedure, and mode* of bringing and conducting prosecutions for offenses, and *of filing bills of exceptions, and the power of the court in relation thereto,* are the same as those which are conferred upon police courts in municipal corporations. If no practice or procedure is provided for police

courts, then the practice or procedure of mayors' courts shall apply. If no practice or procedure is provided for police courts or mayors' courts, then the practice or procedure of county courts shall apply." (Emphasis added.)

Chapter 1903, Revised Code, which defines the jurisdiction, practice and procedure for police courts, contains no provisions with respect to the filing of bills of exceptions. The same is true with respect to Chapter 1905, Revised Code, which has to do with mayor's courts.

However, in Chapter 1913, which is entitled, "County Courts—Trial and Evidence," certain provisions with respect to bills of exceptions do appear.

Section 1913.31, Revised Code, provides:

*"In all cases before a judge of a county court, mayor, or police judge,* whether tried by a jury or the county court judge, mayor, or police judge, *either party may except to the decisions of the county court judge,* mayor, or police judge, *upon any matters of law arising in the case."* (Emphasis added.)

Section 1913.32, Revised Code, provides:

*"The party objecting to the decision of a judge of a county court, mayor, or police judge, as provided in section 1913.31 of the Revised Code, must except at the time such decision is made. Such party has ten days from the date of overruling the motion for a new trial, or ten days from the date on which the decision, judgment, or sentence of such county court judge, mayor or police judge is entered, to reduce his exceptions to writing and present them to such county court judge, mayor, or police judge."* (Emphasis added.)

Section 1913.34, Revised Code, provides:

*"If a bill of exceptions is not correct, the judge of the county court, mayor, police judge, or his successor,* to whom such bill is presented under Sections 1913.31 to 1913.33, inclusive, of the Revised Code, *shall make the necessary corrections therein* within three days after it is so presented, and when correct must *sign and file it with the papers in the case, note such signing and filing in his docket, and transmit such bill with the transcript of his docket and original papers,* within ten days of the date of such signing, *to the*

*clerk of the Court of Common Pleas,* who must file and enter it upon his trial docket as in other cases." (Emphasis added.)

This last-quoted section must be considered in light of Section 1921.01, Revised Code, which only authorizes an appeal from a county court to the Court of Common Pleas and not to the Court of Appeals.

Returning to Chapter 1901, Revised Code, we find that there is a direct right of appeal from the Municipal Court to the Court of Appeals.

Section 1901.30, Revised Code, provides, in part:

"Appeals from the Municipal Court may be taken as follows:

"(A) Such appeals may be taken either to the Court of Common Pleas or to the Court of Appeals in accordance with Sections 2505.01 to 2505.39, inclusive, *2945.65 to 2945.-70, inclusive,* and 2953.02 to 2953.14, inclusive, of the Revised Code." (Emphasis added.)

Section 2945.65, Revised Code, presently provides, insofar as pertinent:

*"If a defendant feels himself aggrieved by a decision of the court, he may present his bill of exceptions or objections thereto which the court shall sign, subject to correction by the court * * *. The court shall fix the time within which such bill of exceptions or objections shall be filed, which shall not be more than thirty days* from the judgment and sentence or the date of an order placing the defendant on probation whereby such order of probation the imposition of sentence is suspended as provided by law or not more than thirty days from the overruling of the motion for a new trial if such day is subsequent to the day of entering judgment and sentence or placing the defendant on probation, *except that the court may, in its discretion, upon motion and for good cause shown, extend the period in which a bill of exceptions must be filed."* (Emphasis added.)[2]

---

[2]As originally enacted, the predecessor of Section 2945.65, Revised Code, applied only to the Court of Common Pleas. 27 Ohio Laws 14. The statute was broadened by amendment in 1869 so as to apply to courts in general. 66 Ohio Laws 310, Section 156.

Prior to 1965, Section 1901.30, Revised Code, did not contain a reference to Section 2945.65, Revised Code. Without such a reference, the disposition of this case would be an easy one.

In the case of *Henrich* v. *Hoffman* (1947), 148 Ohio St. 23, this court was concerned with the question as to whether the enactment of Section 13445-1, General Code (the antecedent statute to Section 2945.65, Revised Code), repealed, by implication, the provisions of Section 1579-440a, General Code. The latter statute provided a mandatory 20-day period in which a bill of exceptions might be filed in the Massillon Municipal Court.

Relator in that case had presented his bill of exceptions to the Municipal Court judge for signature and allowance 23 days after the overruling of his motion for a new trial. The judge had refused to sign the bill of exceptions, relying on the 20-day limitation in the Massillon Municipal Court Act as controlling over the later enacted 30-day limitation in the general Criminal Procedure Chapter of the Revised Code. In the ensuing action in mandamus this court stated in the syllabus that:

"1. Section 1579-440a, General Code, a part of the special legislative enactment creating the Municipal Court of Massillon and defining its jurisdiction and procedure, is controlling and exclusive as to the time within which a bill of exceptions must be filed in a criminal case in such court.

"2. Section 1579-440a, General Code, was not repealed by implication by Section 13445-1, General Code, prescribing the time within which to file bills of exceptions in criminal cases generally."

As we view the instant case, the only significant distinguishing feature from the *Henrich case* is that there is now a specific reference to Section 2945.65, Revised Code, within the Municipal Court Chapter of the Revised Code. The question now becomes: Is this difference sufficient to warrant a result in favor of appellant in this case? For reasons more fully explained below, we determine that it is.

Several appellate courts of this state have very recently handed down decisions involving the precise issue in this case. In *Cleveland* v. *Gunn* (1966), 8 Ohio App. 2d

301, the Court of Appeals for Cuyahoga County determined that the 1965 amendment to Section 1901.30, Revised Code, did not repeal, by implication, Section 1901.21, Revised Code, insofar as it pertains to bills of exceptions. A similar result was arrived at by the Court of Appeals for Hamilton County in the case of *Cincinnati* v. *Nunnelley* (1969), 20 Ohio App. 2d 163. However, in the case of *State* v. *Huffman* (1969), 20 Ohio App. 2d 263, the opposite conclusion was reached by the Court of Appeals for Hancock County.

In *Gunn,* the court relied upon the principles (1) that the law does not favor repeals by implication and (2) that a statute specific in nature (Section 1901.21, Revised Code) controls over a statute general in nature (Section 2945.65, Revised Code) if they both appear to be concerned with the same subject matter and require opposing results.

Both of these arguments were acknowledged and considered by the court in *Huffman.* The following discussion appears at pages 264 to 268 in the opinion:

"Originally there was no specific mention of bills of exceptions in the Municipal Court Act. Under this form of the statutes it was held in *State* v. *DeCamillo* (Common Pleas of Ashtabula County, 1961), 86 Ohio Law Abs. 429, that the time limit prescribed by Section 2945.65, Revised Code, for Common Pleas Courts applied, which is thirty days. That same year, effective October 19, 1961, the Legislature amended [129 Ohio Laws 423] Section 1901.21, Revised Code, in an effort to eliminate conflicts as to procedure in lower courts and added the words 'and of filing bills of exceptions' to the processes which in Municipal Courts would be the same as in County Courts. There was thus a specific reference making Section 1913.32, Revised Code, the governing section, and it provided:

" ' * * * *Such party has ten days from the date of overruling the motion for new trial * * * to reduce his exceptions to writing and present them to such County Court judge, mayor, or police judge.'

" * * *

"The ten-day limitation was thus established and

would apply in the instant case had not the Legislature made further amendments to the Municipal Court Act in 1965. By Amended House Bill 231 (131 Ohio Laws 606), Section 1901.30 was amended to add the italicized language:

" 'Appeals from the Municipal Court may be taken as follows:

" '(a) Such appeals may be taken either to the Court of Common Pleas or to the Court of Appeals in accordance with Sections 2505.01 to 2505.39, inclusive, *2945.65 to 2945.70, inclusive*, and 2953.02 to 2953.14, inclusive, of the Revised Code.' (Emphasis added.)

"Sections 2945.65 to 2945.70, Revised Code, deal explicitly with the filing of bills of exceptions in criminal cases * * *.

" * * *

"Thus, the question is directly presented as to whether the Legislature has repealed by implication the prior change in Section 1901.21, Revised Code, and made the thirty-day time limit of Common Pleas Court procedure applicable to Municipal Courts. In *Cleveland* v. *Gunn* (1966), 8 Ohio App. 2d 301, Judge Skeel concluded that there was no such repeal, and the conflict between the two sections is resolved by the statement:

" ' * * * Section 1901.30, Revised Code, is general in nature while Section 1901.21, Revised Code, is specific. It is for that reason that Section 1901.21, Revised Code, provides the rules for filing bills of exceptions in criminal cases in Municipal Court. * * * '

"* * * On analysis of Amended House Bill 231 and its full impact, we do not agree with this conclusion. This legislation was apparently a package giving the solicitor the same rights as a prosecuting attorney in respect to bills of exception. On the one hand the procedure for a prosecuting attorney's appeal was made applicable to solicitors and the section pertaining to filing a bill of exceptions with leave of the Court of Appeals; on the other hand, on defendant's appeals he [the solicitor] was given the right to notice of the filing of the bill of ex-

ceptions and time to file objections. The procedure was thus completely different from that provided for in County Courts. There the bill of exceptions was presented directly to the court which then, without notice to the solicitor or prosecuting attorney, had three days to make corrections and to transmit it to the clerk of the Common Pleas Court. In the procedure now made applicable to Municipal Courts, the bill of exceptions is not presented to the judge but is filed with the clerk who is under duty to notify forthwith the prosecuting attorney or solicitor, who then has 5 days to file objections. Then and only then does the clerk transmit the bill of exceptions to the trial judge. The basic intent of the amendment was obviously to give the solicitor in the Municipal Court the same right to notice and time to object that the prosecuting attorney had in the Common Pleas Court.

"But to accomplish this, filing with the clerk (who must give the notice) was substituted for presenting the bill directly to the trial judge. There is no longer a presenting of the bill of exceptions to the trial judge pursuant to Section 1913.32, Revised Code, and the time limit for so doing would be meaningless. On the other hand, there now is, by virtue of this amendment, a filing with the clerk to give the solicitor an opportunity to review and object and amend. The time limits of thirty days under Section 2945.65, Revised Code, apply to the filing with the clerk and, hence, are applicable.

" 'If an act is so repugnant to, or so contradictory of, or so irreconcilably in conflict with, a prior act that the two [acts] cannot be harmonized in order to effect the purpose of their enactment, the later act operates, without any repealing clause, as a repeal of the first to the extent of the irreconcilable inconsistency.' 37 Ohio Jurisprudence 395, Section 135, quoted in *Kinsey* v. *Commissioners of Akron Metropolitan Park Dist.* (1946), 147 Ohio St. 66.

"Although repeals by implication are not favored in the law, and the presumption is against such repeal, we feel the repugnancy in this case is such as to overcome the presumption and effect repeal by implication.

"1. The Legislature intended to deal specifically with procedure on bills of exceptions in Municipal Courts. It changed the 'Common Pleas' Court to 'trial court' [in Section 2945.70] to include Municipal Courts. It added the word 'solicitor' to prosecutor—applicable only to the Municipal Court. It amended the Municipal Court section on appeals so as to bring these sections in by reference. The whole purpose of the act—to give the solicitor certain rights as to bills of exception—would be nullified if it were not so applied.

"2. Necessary to effect this purpose, the bills of exceptions had to be filed 5 days prior to presentment to the judge to give the solicitor time to object or amend. If presentment to the judge was still operative in 10 days, this meant the clerk had the bill for five of the ten days, leaving only five days for preparation—a manifestly absurd result. Moreover it made it a duty of the clerk to transmit the bill to the trial judge—which made it impossible for the appellant to so present it.

"3. It is, therefore, concluded that presentment to the trial judge by the appellant required under Section 1913.32, Revised Code, is totally inconsistent with the procedure required by the new act. Presentment directly to the judge is, therefore, eliminated, and filing with the clerk is substituted. But if this be the case, then the ten-day limitation on presentment to the judge must either be eliminated completely or [it] leads to the absurd curtailment of time of preparation to five days, a result we are certain the Legislature would not intend to accomplish.

"4. Therefore, the new statute is so contradictory, so irreconcilable with the old procedure and leads to such an absurd result, that it cannot be reasonably harmonized with it. We, therefore, conclude the Legislature intended to and did, by implication, repeal the reference in Section 1901.21, Revised Code, to bills of exceptions. The time limit of 30 days in Section 2945.65, Revised Code, then must govern the time for filing bills of exception with the clerk in Municipal Court. * * *"

We agree with this reasoning by the court in the

*Huffman case.* We believe, therefore, that the 1965 amendment (131 Ohio Laws 606) to Section 1901.30, Revised Code, incorporating by reference the procedure for filing bills of exceptions contained in Sections 2945.65 to 2945.70, inclusive, of the Revised Code, is so irreconcilable with the 1961 amendment (129 Ohio Laws 423) to Section 1901.21, Revised Code, incorporating by reference the procedure for filing bills of exceptions contained in Sections 1913.31 to 1913.34, inclusive, of the Revised Code, that Section 1901.21, Revised Code, must be considered as having been repealed, by implication, insofar as it pertains to the procedure for filing bills of exceptions.

Thus, we conclude that the Court of Appeals erred in its determination that the Municipal Court was without power to extend the time for filing a bill of exceptions. *State* v. *Holt* (1967), 9 Ohio St. 2d 147.

The judgment is reversed and the cause is remanded to the Court of Appeals for consideration of the assignments of error raised by appellant.

*Judgment reversed.*

TAFT, C. J., O'NEILL, SCHNEIDER, HERBERT and DUNCAN, JJ., concur.

CORRIGAN, J., dissents.