CITY OF CINCINNATI, APPELLEE, *v.* PARKER ET AL.,
APPELLANTS.

[Cite as Cincinnati v. Parker (1970), 22 Ohio St. 2d 209.]

(No. 69-61—Decided May 27, 1970.)

*Mr. William A. McClain*, city solicitor, *Mr. Ralph E. Cors* and *Mr. William B. Singer*, for appellee.
*Mr. Allen Brown*, for appellants.

*Per Curiam.* The narrow holdings of the Court of Common Pleas and Court of Appeals in this case are difficult to isolate owing to the vague entries of those courts. Examination of the entire record in this case reveals that

the only apparent basis of decision was that appellants failed to file a bill of exceptions within ten days of the overruling of a motion for a new trial by the Municipal Court as ostensibly required by R. C. 1913.32.

The same question was presented to this court in the case of *Cincinnati* v. *Brooks*, 21 Ohio St. 2d 73, wherein we concluded in the syllabus:

"2. The 1965 amendment (131 Ohio Laws 606) to Section 1901.30, Revised Code (Municipal Court Chapter), incorporating by reference the procedure for filing bills of exceptions contained in Sections 2945.65 to 2945.70, inclusive, of the Revised Code (Criminal Procedure—Trial Chapter), is so irreconcilable with the 1961 amendment (129 Ohio Laws 423) to Section 1901.21, Revised Code (Municipal Court Chapter), incorporating by reference the procedure for filing bills of exceptions contained in Sections 1913.31 to 1913.34, inclusive, of the Revised Code (County Court—Trial and Evidence Chapter), that Section 1901.21, Revised Code, must be considered as having been repealed, by implication, insofar as it pertains to the procedure for filing bills of exceptions.

"3. In Municipal Courts, the procedure with respect to the filing of bills of exceptions in criminal cases is governed by Section 2945.65, Revised Code, which provides, in part:

" 'If a defendant feels himself aggrieved by a decision of the court, he may present his bill of exceptions or objections * * *. The court shall fix the time within which such bill of exceptions or objections shall be filed, which shall not be more than thirty days * * * except that the court may, in its discretion, upon motion and for good cause shown, extend the period in which a bill of exceptions must be filed.' "

Subsequently, upon a motion for reconsideration of *Brooks*, as reported in 22 Ohio St. 2d 153, we found it necessary to vacate and set aside the judgment and decision in *Brooks*, due to the fact that the case was moot at the time the judgment of this court was rendered. None-

theless we are in accord with the views expressed by Justice Matthias in the opinion and syllabus of that case, which completely covers the factual situation before us in this case. We therefore adopt and apply the *opinion* and *syllabus* in *Cincinnati* v. *Brooks*, 21 Ohio St. 2d 73, to the issue presented in this appeal.

Therefore, we hold that in Municipal Courts the procedure with respect to the filing of bills of exceptions in criminal cases is governed by R. C. 2945.65 and not by R. C. 1913.32. R. C. 2945.65 provides, in part, that if a defendant wishes to present a bill of exceptions or objections, he may do so within the time fixed by the Municipal Court, not to exceed 30 days, unless the court, in its discretion, grants an extension for good cause shown. An examination of the record in the present case discloses that the bill of exceptions was filed in the Hamilton County Municipal Court within 30 days, which was in accordance with R. C. 2945.65.

Therefore, the judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for further proceedings in accordance with law.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.*

MATTHIAS, J., not participating.

*CHIEF JUSTICE TAFT participated in this case which was, however, decided after his death.