CITY OF CINCINNATI, APPELLEE, *v* ACME BARREL & DRUM CO., APPELLANT.

(No. 70-337—Decided July 14, 1971.)

*Mr. William A. McClain,* city solicitor, *Mr. Ralph E. Cors* and *Mr. William P. Whalen, Jr.,* for appellee.

*Messrs. Goodman & Goodman* and *Mr. Ronald Jay Goodman,* for appellant.

DUNCAN, J. In *Cincinnati* v. *Parker* (1970), 22 Ohio St. 2d 209, 211, this court adopted and applied the opinion and syllabus in *Cincinnati* v. *Brooks,* 21 Ohio St. 2d 73, holding that a Municipal Court has the power to extend the time for filing a bill of exceptions.

The facts in the case are not in dispute. It appears that the Municipal Court's entry extending the time for filing the bill of exceptions was misplaced, and was not before the Court of Appeals when it ruled on the motion to dismiss the appeal, but the entry was later discovered and presented to the Court of Appeals on appellant's motion for reconsideration.

Appearing patently on the face of the record, is the

214

fact that appellant's request for an extension of time for the filing of the bill of exceptions was made after the statutory time for filing had elapsed, and after the city's motion to dismiss the appeal was filed in the Court of Appeals. Is an appellant required to request an extension of time to file the bill of exceptions prior to the expiration of the time for filing? This court faced that question in *State* v. *Holt* (1967), 9 Ohio St. 2d 147, holding that:

"Under Section 2945.65, Revised Code, it is not essential that a motion to extend the period for filing a bill of exceptions be filed in the trial court within the time fixed for the filing of such bill; and, after expiration of an original extension of such period, the trial court may, in the exercise of a sound discretion and for good cause shown, grant a further extension thereof."

Neither in argument nor in brief does the appellee raise an issue concerning the applicability of the *Holt* rule to the facts of the instant case. Therefore, we do not confront such an issue.

The city of Cincinnati takes the position that the bill of exceptions in the case at bar was filed on April 7, 1970, even after the extended time for filing (March 31, 1970) had passed.

Appellant argues that the bill of exceptions was filed on March 20, 1970, well within the time limit as extended. Presumably, the city contends that the bill of exceptions, which the statute (R. C. 2945.65) requires to be filed within 30 days from the overruling of the motion for a new trial, is the finalized or settled form signed by the trial judge and forwarded to the appellate court.

For the purpose of the time limits required by R. C. 2945.65, the bill of exceptions is filed when the defendant presents "*his* bill of exceptions * * * which the court shall sign." Significantly, the statute refers to the materials as a bill of exceptions before the court considers signing it. The statute further requires that, at the time of the filing, it "shall be made a part of the record."

On the filing of *a bill of exceptions* pursuant to R. C.

2945.66, the clerk of the trial court is required to notify the prosecuting attorney or solicitor of its filing. Thereafter, that statute further provides the clerk shall transmit *the bill,* with all objections and amendments filed thereto, to the trial judge. R. C. 2945.66 also states in part: "Except as provided in this section and Section 2945.65 of the Revised Code, the rules established for taking bills of exceptions under Sections 2321.02 to 2321.16, inclusive, of the Revised Code, govern in criminal cases."

The procedure is similar where an appeal is taken from a final order, judgment or decree, as defined by R. C. 2505.02.[1] R. C. 2321.05 provides that "the appellant must prepare and file, within forty days of perfecting his appeal * * * a bill of exceptions setting forth that part of the evidence * * *." R. C. 2321.06 requires that: "On the filing of a bill of exceptions * * * the clerk of the court forthwith shall notify the adverse party, or his attorney, of its filing. Within ten days after such notice, any adverse party may file * * * any objection or amendment * * *." The bill thereafter is transmitted to the trial judge. R. C. 2321.07 provides that the trial judge, "upon the receipt of a bill of exceptions, shall endorse thereon the date it was received, and within five days thereafter correct it, if necessary, allow and sign such bill, and immediately transmit it to the office of the clerk of the court from whom it was received, with any amendment or objections thereto."

All the above cited statutes refer to the "bill of exceptions," as such, prior to the time within which objections or amendments may be filed, and the bill transmitted to the trial judge. Those statutes cannot be reasonably

---

[1]R. C. 2505.02, reads, in part:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial."

216

construed to mean that a bill of exceptions is filed only when signed by the trial judge, and transmitted to the clerk of the appellate court.

Under R. C. 2945.65, a defendant has filed a bill of exceptions when he files the bill with the clerk of the trial court for further proceeding as required by R. C. 2945.66.

Accordingly, the record reveals that appellant filed its bill of exceptions, as required by R. C. 2945.65, on March 20, 1970, with the extension of time granted by the trial court. The Court of Appeals judgment is reversed, and the cause remanded to the Court of Appeals for further proceedings.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN and LEACH, JJ., concur.