CITY OF WHITEHALL, APPELLANT, *v.*
WOLFE, APPELLEE.

(Nos. 85AP-812 and - 813 — Decided February 4, 1986.)

*Ted Zwayer,* city attorney, and *Kevin P. Durkin,* city prosecutor, for appellant.

*Burman, Robinson & McCarthy Co., L.P.A.,* and *Robert N. Burman,* for appellee.

STRAUSBAUGH, J. Plaintiff appeals decisions of the Franklin County Municipal Court sustaining defendant's motions to dismiss the cases for want of jurisdiction.

Defendant was arrested and charged with operating a motor vehicle with a blood-alcohol concentration of 0.21 percent and with operating a motor vehicle in a weaving manner. Defendant appeared before the Mayor's Court of the city of Whitehall and entered pleas of not guilty, with a trial set for March 6, 1985. Subsequently, the acting mayor of the city of Whitehall transferred the cases to the Franklin County Municipal Court.

Defendant appeared before the Franklin County Municipal Court and made both oral and written motions to dismiss the cases for lack of jurisdiction. These motions were initially overruled and defendant entered pleas of not guilty. After assignment, the municipal court sustained defendant's motions to dismiss the cases and ordered the cases remanded to mayor's court. The decisions stated that the mayor's court still retained jurisdiction over the cases.

Plaintiff asserts the following single assignment of error:

"That the trial court erred in holding that it did not have jurisdiction over the instant case[s], and thus sustaining defendant's motion[s] to dismiss for lack of jurisdiction and remanding the case[s] to the Whitehall Mayor's Court."

Plaintiff urges that the mayor's court had the authority to transfer defendant's cases to the municipal court and invest it with jurisdiction to adjudicate the cases; accordingly, it was error for the municipal court to refuse to accept jurisdiction and hear the cases.

Defendant asserts that plaintiff could not transfer jurisdiction, and that because the order of the municipal court sustaining the motion to dismiss represents a dismissal of the action, the action was never reinstated in the mayor's court.

Pursuant to R.C. 1905.01, mayor's courts have jurisdiction:

" * * * [T]o hear and determine any prosecution for the violation of an ordinance of the municipal corporation, and any case involving a violation of a vehicle parking or standing ordinance of the municipal corporation unless the violation is required to be handled by a parking violations bureau or joint parking violations bureau pursuant to Chapter 4521 of the Revised Code, and has jurisdiction in all criminal causes involving moving traffic violations occurring on state highways located within the boundaries of the municipal corporation * * *."

Mayor's courts, therefore, have concurrent jurisdiction with municipal courts to determine certain types of cases.

The Supreme Court, in *John Weenink & Sons Co.* v. *Court of Common Pleas* (1948), 150 Ohio St. 349 [38 O.O. 189], held in paragraphs two and three of the syllabus:

"2. As between courts of concurrent jurisdiction, the one whose power is first invoked by the institution of proper proceedings acquires jurisdiction, *to the exclusion of all other tribunals,* to adjudicate upon the whole issue and to settle the rights of the parties.

"3. When a court of competent jurisdiction acquires jurisdiction of the subject matter of an action, its authority continues until the matter is completely and finally disposed of, and no court of co-ordinate jurisdiction is at liberty to interfere with its proceedings." (Emphasis added.)

These positions have been consistently reaffirmed. See *State, ex rel. Phillips,* v. *Polcar* (1977), 50 Ohio St. 2d 279 [4 O.O. 3d 445]. Therefore, when the mayor's court accepted jurisdiction of the case, the municipal court was excluded from the proceedings.

A court of limited jurisdiction, such as a mayor's court, can do only that which it is expressly empowered by statute to do. There is no statutory provision authorizing a mayor's court to laterally transfer a case to another court of concurrent jurisdiction. Accordingly, a mayor's court is precluded from transferring a case to a municipal court.

Plaintiff urges that *State, ex rel. Brady,* v. *Howell* (1977), 49 Ohio St. 2d 195 [3 O.O. 3d 279], wherein the Supreme Court affirmed a decision of this court, allows and implicitly approves of the transfer of jurisdiction from a mayor's court to a municipal court. *Brady* was never intended to be authority for such a procedure. The question facing this court in *State, ex rel. Brady,* v. *Howell* (Mar. 23, 1976), No. 75AP-674, unreported, was whether the defendant was entitled to a writ of prohibition. *Without discussing the merits* of the procedure whereby defendant was being prosecuted in both the mayor's court and municipal court, we

held that defendant failed to show that he was entitled to the extraordinary remedy of a writ of prohibition. The Supreme Court affirmed this holding.

While it is true that the Supreme Court referred to a "transfer" from the mayor's court to the municipal court, this is not authority for plaintiff's position. The well-accepted view is that the municipal court is procedurally barred from hearing a cause once the mayor's court is possessed of jurisdiction. We are confident that if the Supreme Court intended to change this fundamental precedent, it would have done so in a less cursory manner.

Plaintiff's assignment of error is overruled.

Defendant's argument that the municipal court dismissal serves as a dismissal of the action from *both* the municipal court and the mayor's court is also without merit. From the municipal court's dismissal entry, it is clear that the court did not purport to dismiss the prosecutions; instead, it simply dismissed the attempt to transfer the case. Because the jurisdiction to adjudicate these cases was originally and continually with the mayor's court, the municipal court was *never* possessed of jurisdiction to consider the cases on their merits and anything it might have decided in that regard would have been a nullity.

The trial court judge recognized that the municipal court did not have jurisdiction and his decision had no other effect. The power to dispose of the within cause remained at all times with the mayor's court.

Plaintiff's assignment of error is overruled, and the judgments of the municipal court are affirmed.

*Judgments affirmed.*

REILLY, P.J., and NORRIS, J., concur.